Suzanne **PARKS** and Frank Logan, Jr., Plaintiffs,

v.

**GRAYTON PARK ASSOCIATES**, a Michigan limited partnership composed of Herbert Chernick, Belle V. Chernick, Frances Chernick, Sallee Rosen and Michael's Realty Company, Inc.; Herbert Chernick, Belle V. Chernick, Frances Chernick, Sallee Rosen, Charles Smith and Marianne Smith, Jointly and Severally, Defendants.

Civ. A. No. 81–70526.

United States District Court, E. D. Michigan, S. D.

Jan. 13, 1982.

Victoria A. Roberts, Detroit, Mich., for plaintiffs.

Michael M. Hathaway, Detroit, Mich., for defendants.

OPINION DENYING PLAINTIFFS' MO-
TION FOR ATTORNEYS' FEES

FEIKENS, Chief Judge.

Plaintiffs, both of whom are black, brought suit under the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*; the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.*; and the Michigan Civil Rights Act, M.C.L.A. § 37.2501 *et seq.* In early 1981 they were looking for an apartment and became interested in a complex owned by defendants. When they sought information from the resident manager, he allegedly met them at the door accompanied by a large Doberman pinscher and demanded an accounting of their presence in a way they interpreted to mean that they, because they were black, were not welcome. The manager also told them that there were no vacancies when there may have been and failed to offer them an application, according to the policies of the owners.

Plaintiffs were granted a temporary restraining order and a preliminary injunction preventing defendants from renting any apartments until plaintiffs had surveyed the complex and decided whether or not to apply for an apartment. Plaintiffs did eventually select an apartment and were settled within a couple of months. They nonetheless continued the suit seeking damages and after a trial on the merits the jury, having decided that the manager's curt conduct was not racially motivated, returned a verdict for the defendants. Despite this final decision against them, plaintiffs have filed a motion for attorneys' fees to cover at least those costs and fees that led to the granting of the temporary restraining order and the preliminary injunction. It is to that motion that this Opinion is addressed.

Plaintiffs' request for attorney fees was brought under the attorney fees provision of the Fair Housing Act, 42 U.S.C. § 3612(c), and the Civil Rights Attorney's Fees Awards Act of 1976, which modified 42 U.S.C. § 1988. Both provisions permit the award of attorney fees but only to "prevailing plaintiffs." The threshold question, therefore, is whether these plaintiffs can be considered prevailing parties as far as the temporary restraining order and the preliminary injunction are concerned de-

spite the fact that defendants were found not to have violated any of plaintiffs' rights. I find that the Supreme Court has answered that question "no."

In *Hanrahan et al. v. Hampton et al.*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam), plaintiffs brought suit under 42 U.S.C. §§ 1983 and 1985 as well as the Constitution. The district court directed verdicts for the defendants but the court of appeals reversed and remanded the case for a new trial. The court of appeals also awarded the plaintiffs costs on appeal, including attorney fees, which it believed were authorized by § 1988. The Supreme Court affirmed the remand but reversed the award of attorney fees.

In its per curiam opinion, the Supreme Court carefully reviewed the legislative history of the Civil Rights Attorney's Fees Awards Act,[1] particularly to see if "a person may be a 'prevailing party' without having obtained a favorable 'final judgment following a full trial on the merits.' " *Id.* at 757, 100 S.Ct. 1989. While it concluded that a party might be a prevailing party even without a favorable final judgment, it also found it to have been the clear intent of Congress "to permit such an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal."

The Court based its decision on the approval by both congressional committees of two cases, *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), which were cited in the committee reports to define the appropriate circumstances for an award. *See* S.Rep.No. 94–1011, p. 5 (1976), and H.R.Rep.No. 94–1558, p. 8 (1976), U.S.Code Cong. & Admin.

News 1976, p. 5908. In each case, the party to whom fees were awarded had established the liability of the opposing party even though final remedial orders had not been entered. Applying this understanding to the facts of *Hanrahan*, the Court in a passage which I believe is critical for the present case stated: "The jury may or may not decide some or all of the issues in favor of the respondents [plaintiffs]. If the jury should not do so on remand in these cases, it could not seriously be contended that the respondents had prevailed." *Id.* at 759, 100 S.Ct. 1990.

In the present case, plaintiffs obtained the preliminary injunctive relief they requested, but in so doing they did not vindicate any rights since, in fact, it was left for the jury to decide whether any rights had been violated. It is true that one grants preliminary relief by looking to the merits of the case as it then appears, but technically it is not a "decision on the merits" as much as a decision on the likelihood that plaintiffs would eventually prevail on the merits. The final decision on the merits was left to the jury which determined that no rights had been violated; plaintiffs not only did not receive a favorable judgment, they received a contrary judgment and, according to the Supreme Court's understanding of § 1988 as articulated in *Hanrahan*, plaintiffs cannot, therefore, be considered prevailing parties.

Plaintiffs have cited a number of Fifth Circuit cases decided since *Hanrahan*, most notably *Williams v. City of Fairborn*, 640 F.2d 635 (5th Cir. 1981), in which the inquiry was simply whether the suit was instrumental in satisfying plaintiffs' demands, regardless of whether or not they lost on the merits. There has also been a Sixth Circuit case, *Johnson v. Department of Administrative Services, et al.*, 617 F.2d

---

1. While the Supreme Court's opinion in *Hanrahan* deals only with the Civil Rights Attorney's Fees Awards Act of 1976, I believe its interpretation of the term "prevailing parties" applies equally to the same term in the attorney fees provision of the Fair Housing Act and this discussion, therefore, applies with equal force to plaintiffs' motion under that Act. The Supreme Court has apparently not had an opportunity to interpret the Act and only one circuit court of appeals, the Ninth, has examined the critical language. In that case, however, *Samuel v. Benedict*, 573 F.2d 580 (9th Cir. 1978), the court held that unsuccessful plaintiffs were not entitled to an award.

603 (6th Cir. 1980) (opinion not published), decided within weeks of *Hanrahan* in which the court held that success on any determinative motion, such as a temporary restraining order, would be sufficient for the purpose of attorney fees. In *Johnson*, plaintiff received a temporary restraining order which allowed him to remain in his job, and because of this order, plaintiff happened to be in his job when the state, independent of the lawsuit, passed legislation preserving the jobs of all those in his position. There was never a decision on the merits and the state denied to the end that there had ever been any discrimination.

I note initially that in neither of the cases cited above did the plaintiff lose his case. Moreover, and more important, in none of these cases did the courts acknowledge *Hanrahan*, much less discuss its application.[2] I believe that had the circuit courts considered that case, they might have decided differently. In any case, the Supreme Court's decision surely requires the decision I reach here, that plaintiffs are not prevailing parties since the decision on the merits was against them and they therefore are not entitled to attorney fees. The motion must be denied.

---

**2.** The only case decided after *Hanrahan* which did consider its lesson is *Smith v. University of North Carolina*, 632 F.2d 316 (4th Cir. 1980). In that case the plaintiff had obtained a preliminary injunction but lost on the merits. Following *Hanrahan*, the Fourth Circuit decided that the fact that plaintiff obtained the injunction did not mean that she had prevailed so as to be entitled to fees.