**Sandra FIARMAN, Plaintiff,**

v.

**WESTERN PUBLISHING CO., INC., Defendant.**

**No. 83–CV–1145–DT.**

United States District Court, E.D. Michigan, S.D.

Oct. 23, 1985.

Jeanne E. Mirer, Detroit, Mich., for plaintiff.

Robert E. Williams, Stephen C. Tohay, Washington, D.C., for defendant.

## ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

LA PLATA, District Judge.

On February 28, 1983, Plaintiff, Sandra Fiarman, filed a wrongful discharge Complaint in the Wayne County Circuit Court, alleging that her employment was terminated on January 18, 1983, as a result of Defendant's intentional sex discrimination. After a hearing on Plaintiff's Motion for a Preliminary Injunction, the circuit court judge entered an order requiring Defendant to reinstate Plaintiff during the pendency of the lawsuit. Thereafter, Defendant, a foreign corporation, removed the action to this Court, pursuant to 28 U.S.C. § 1441.

At the conclusion of a six day trial, the jury, on August 26, 1985, rendered a no cause for action verdict in favor of Defendant. The sex discrimination case was submitted to the jury on two theories: disparate impact and disparate treatment.

On September 25, 1985, Plaintiff filed a petition for attorneys' fees, claiming that under the provision of the Elliot-Larsen Civil Rights Act empowering a trial court to award attorney's fees, M.C.L.A. § 37.-2802, she is entitled to costs in the amount of $4,339.79 and attorney's fees in the sum

of $33,112.50. Plaintiff claims that she was a "prevailing" party in the litigation, in view of the fact that she was reinstated to her former position by virtue of a court order, a position she continues to hold, even after the adverse jury verdict. Plaintiff argues that she has been permanently reinstated, which has to amount to at least a partial victory in the lawsuit, since one of Defendant's attorneys, Mr. Williams, stated on the record and in his opening statement that Defendant did not intend to discharge Plaintiff, even if it were successful in the litigation.

Opposing the Motion, Defendant argues that an injustice would ensue if it were required to pay costs and attorney's fees to Plaintiff, in light of the jury's determination that Plaintiff's discharge in 1983 was not motivated by intentional sex discrimination. Defendant contends that Plaintiff's reinstatement was not the result of a settlement or a final court order, and, thus, she is not a "prevailing party" for purposes of an award of attorney's fees and costs under M.C.L.A. § 37.2802.[1]

In *King v. General Motors Corp.*, 136 Mich.App. 301, 356 N.W.2d 626, 629 (1984), the Michigan Court of Appeals stated that the Legislature sought to achieve two goals by enacting the attorney fee provisions of the Elliot-Larsen Civil Rights Act: (1) to enable persons deprived of their civil rights to seek compensation and have access to the courts and (2) to deter discrimination in the work place. The Court in *Cheeseman v. American Multi-Cinema, Inc.*, 108 Mich.App. 428, 310 N.W.2d 408, 415 (1981), vacated an award of attorneys' fees to the Defendant, on the basis that the statute authorized such an award only "to successful complainants of violations under the Civil Rights Act."

As deftly cited to the Court by both parties, numerous federal decisions exist regarding the definition of a "prevailing party" under the Civil Rights Attorney's fees awards Act of 1976, 42 U.S.C. § 1988, which provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The Court has reviewed the cases referred to by the parties and other federal cases that have decided whether attorney's fees were awardable to complainants in civil rights cases. A case decided in the Eastern District of Michigan, *Parks v. Grayton Park Associates*, 531 F.Supp. 77 (E.D.Mich.1982), is similar to the matter at bar. Therein, two black complainants instituted a civil rights action under both federal and state statutes, maintaining that they were denied an opportunity to rent an apartment at a complex owned by Defendant on account of their race. A temporary restraining order and a preliminary injunction were entered preventing Defendant from leasing any units until Plaintiffs decided whether to apply for an apartment. Although they moved into one of Defendant's units, Plaintiffs continued their lawsuit, seeking damages for the alleged discrimination in housing. Determining that the conduct of Defendant's manager was not racially motivated, the jury rendered a verdict of no cause for action. Thereafter, the Plaintiffs filed an application for attorney's fees, contending that they triumphed, at least in part, in the lawsuit by virtue of the entry of injunctive orders which resulted in their obtaining a unit at Defendant's apartment complex.

After discussing *Hanrahan v. Hampton*,[2] 446 U.S. 754, 100 S.Ct. 1987, 64

---

1. "A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate."

2. In *Hanrahan,* the Plaintiffs sought attorney's fees premised on three favorable appellate court rulings, including a reversal of directed verdicts against them. Vacating the award of attorney's fees, the Supreme Court held that the Plaintiffs, who ultimately were unsuccessful at trial, were not prevailing parties within the framework of

L.Ed.2d 670 (1980), the *Parks* Court held that the Plaintiffs were not prevailing parties in the litigation, and, therefore, were not entitled to an award of attorney's fees under 42 U.S.C. § 1988:

> In the present case, plaintiffs obtained the preliminary injunctive relief they requested, but in so doing they did not vindicate any rights since, in fact, it was left for the jury to decide whether any rights had been violated. It is true that one grants preliminary relief by looking to the merits of the case as it then appears, but technically it is not a "decision on the merits" as much as a decision on the likelihood that plaintiffs would eventually prevail on the merits. The final decision on the merits was left to the jury which determined that no rights had been violated; plaintiffs not only did not receive a favorable judgment, they received a contrary judgment and, according to the Supreme Court's understanding of § 1988 as articulated in *Hanrahan*, plaintiffs cannot, therefore, be considered prevailing parties. *Parks* at 79.

In *Roman v. Schweiker*, 559 F.Supp. 304 (E.D.N.Y.1983), the Plaintiff filed an application for supplemental social security benefits with The Department of Health and Human Services. Following the Department's denial of the application, Plaintiff appealed to the Federal District Court, which remanded the case for more specific findings concerning the agency's determination. Immediately thereafter, the Plaintiff submitted a petition for attorney's fees, under the Equal Access to Justice Act,[3] seeking an award of costs and fees against the United States. In support of her petition, the Plaintiff maintained that she was a prevailing party.

Denying the request for attorney's fees, the District Court held that prior to a final ruling in the case, Plaintiff could not be designated as the victor in the litigation:

> In this case, plaintiff may not, in any way, be said to have established her entitlement "to some relief on the merits" of her claim. This Court did not make any determination as to the substance of plaintiff's claim of disability. We merely remanded the case for the purpose of taking additional evidence regarding the nature of plaintiff's previous area of employment—assembly line work. On the remand, this additional evidence may establish that plaintiff is quite capable of returning to such employment. Thus, because of the significant possibility that plaintiff may ultimately obtain no relief at all on her substantive claim, the temporary "success" of her appeal in this Court is insufficient to elevate her to the status of "prevailing party" within the meaning of the EAJA. *Roman* at 305.

In a case parallel to the matter at bar, *Smith v. University of North Carolina*, 632 F.2d 316 (4th Cir.1980), a female assistant professor sought relief in the nature of damages and reinstatement against the University on the basis that her contract was not renewed as a result of her employer's intentional discrimination against her. Although a preliminary injunction had been entered reinstating the Plaintiff until a trial on the merits, the jury, on the issue of age discrimination, and the trial court, on the issue of sex discrimination, rendered verdicts in favor of the University, finding that the Plaintiff's failure to attain tenure was not attributable to intentional discrimination.

Following the adverse verdicts, the Plaintiff filed an application for attorney's fees, asserting that she prevailed, at least in part, by obtaining a preliminary injunction. The trial court agreed with her position, awarding an attorney's fee of $8,300.00. In addition to affirming the judgment of no cause for action in favor of the Defendant, the Fourth Circuit Court of Appeals vacated the award of attorney's fees, on the ground that the entry of a preliminary in-

the Civil Rights Attorney's Fees Awards Act of 1976. *Hanrahan*, 446 U.S. at 756, 100 S.Ct. at 1988.

3. 28 U.S.C. § 2412(d)(1)(A).

junction did not elevate the plaintiff to the status of a prevailing party:

> The temporary injunction was designed only to preserve the status quo, until resolution on the merits could be obtained. It was designed to increase the likelihood that neither party would be deprived, through change of circumstances, of an opportunity to have her or its fair day in court. The University was deemed better able to weather, without serious adverse consequences, the inconvenience of retaining on its payroll someone it wished to terminate, than could Smith survive dismissal while a case was pending in which she had hopes of obtaining an order that she not be discharged. At the most the preliminary injunction hearing involved a prognosis of probable or possible success. It in no way sought to announce or establish a final result. *Smith* at 347.

This Court finds the reasoning and holding in *Smith,* supra, to be persuasive. Like the unsuccessful litigant in *Smith,* the Plaintiff herein continued in her employment with the Defendant, by way of a court order, until the conclusion of the wrongful discharge trial. The jury completely vindicated Western Publishing Company's decision to terminate Plaintiff in January, 1983. Plaintiff's reinstatement pending the outcome of her discrimination lawsuit, along with Defendant's decision to retain her despite the verdict of no cause of action, was not the result of either (1) a finding by a court that Defendant discriminated against Plaintiff or (2) a consent judgment, settlement, or other acknowledgement by the company that she was wrongfully discharged. It cannot be seriously contended that the Wayne County Circuit Court judge's entry of a preliminary injunction constituted a finding on his part that Plaintiff's termination was actuated by sex discrimination. That judge solely permitted Plaintiff to remain as an employee of Defendant until the outcome of the sex discrimination lawsuit.

Concluding that the Plaintiff was not a prevailing party in this lawsuit, the Court DENIES the application for attorneys' fees under Section 802 of the Elliot-Larsen Civil Rights Act. The Court determines that it simply would be unfair to require Defendant, the ultimately successful litigant in the case at bar, to subsidize Plaintiff's action. It would be incongruous to hold that a discharged employee may obtain attorneys' fees and costs against her employer where, as here, a jury determined that her termination was not the result of illegal employment practices.

So Ordered.