**Sandra FIARMAN, Plaintiff-Appellant,**

v.

**WESTERN PUBLISHING COMPANY, Defendant-Appellee.**

No. 85–1885.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 11, 1986.

Decided Jan. 21, 1987.

Jeanne Mirer, Detroit, Mich., Michael Barnhart, argued, for plaintiff-appellant.

Robert E. Williams, argued, Kathryn Scully, Washington, D.C., for defendant-appellee.

Before WELLFORD and GUY, Circuit Judges and PECK, Senior Circuit Judge.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff appeals the denial by the district court of partial attorney's fees and costs, 620 F.Supp. 544. Plaintiff had initially filed a sex discrimination suit in the Circuit Court for the County of Wayne, Michigan. This suit was based on an alleged violation of rights secured to plaintiff by Michigan's Elliott-Larsen Civil Rights Act, Mich.Comp. Laws § 37.2101, *et seq.* The state suit had followed Fiarman's discharge as a sales territory manager for Western Publishing Company (Western). In her suit Fiarman requested reinstatement and back pay as well as "[c]ompensation for all injuries, economic as well as mental anguish, suffered by Plaintiff as a result of Defendant's illegal conduct." (App. 17). Because of diversity of citizenship, the case was removed to the United States District Court for the Eastern District of Michigan. 28 U.S.C. § 1441.

Just prior to removal, the state court had granted plaintiff's motion for a preliminary injunction reinstating Fiarman to her former position. Although the defendant moved the district court to dissolve the injunction in April of 1983, no hearing or other resolution of defendant's motion occurred prior to trial in August of 1985.

At the conclusion of six days of trial, the case was submitted to the jury upon special

interrogatories.[1] The jury determined that plaintiff had been the victim of neither disparate treatment nor disparate impact, and a judgment of no cause of action was entered in favor of defendant.

After the entry of judgment for defendant, plaintiff sought partial attorney's fees and costs. Her theory was that the lawsuit, although unsuccessful, had been a "catalyst" which resulted in her permanent reinstatement, thus entitling her to partial attorney's fees. The district court found this argument to be unpersuasive and denied fees and costs. We agree with Judge LaPlata and affirm.

Plaintiff factually bases her argument on appeal as well as below on the opening statement made by defendant's counsel at trial. During the opening statement, defense counsel stated:

Now, finally, one other thing that I think you should be aware of as you consider the facts in this case is that the decision you reach here is not going to affect Sandra Fiarman's future job security with Western Publishing Company. It's already been mentioned that she is back at work, she's been back at work working for this company—actually, she was only off the payroll for about a month and she's continuing to work for the company today. There have been a lot of changes in the economic situation and has changed substantially since 1983. At this point, her position is just as secure as any other territory manager working for the company. So her job security in the future does not depend on the verdict you reach here.

(App. 104.) From this statement plaintiff argues that since she sought reinstatement as part of her relief and ended up being reinstated—*a fortiori* she is entitled to attorney fees.

Plaintiff's legal argument, although alluding to a number of cases, is most strongly bottomed on this court's decision in *Johnston v. Jago*, 691 F.2d 283 (6th Cir.1982).[2] *Johnston* followed the lead of the First Circuit in *Nadeau v. Helgemore*, 581 F.2d 275 (1st Cir.1978), and developed a two-part test for the determination of who is a "prevailing party" for the purposes of fee awards. Under *Johnston*, the plaintiff here would have to show that (1) her lawsuit was causally related to securing the relief obtained, and (2) there must be some minimum basis in law for the relief secured. In our judgment, plaintiff can pass neither prong of the test.

Factually, defendant contends that plaintiff was laid off for economic reasons and permanently reinstated because business got better. The only "fact" offered in opposition by the plaintiff is that she started her lawsuit before reinstatement occurred. The problem with this argument is that the jury resolved this dispute against plaintiff when they accepted defendant's argument that the layoff was for economic reasons and not based on plaintiff's sex. Indeed, the problem with all of plaintiff's argu-

---

**1.** The special interrogatories asked:

　1. Do you find that the defendant Western Publishing Company intentionally discriminated against plaintiff Sandra Fiarman by discharging her because of her sex?
　　Yes ___  No___
　2. Do you find that the discharge of plaintiff Sandra Fiarman resulted from the application of an employment policy or practice which, although neutral on its face, had a significantly adverse effect against women, and which was not justified by legitimate business requirements?
　　Yes___  No___
　3. If your answer to either question 1 or 2 is affirmative, do you find that plaintiff Sandra Fiarman has suffered damages as a proximate result of her discharge?

　　Yes___  No___
　4. If so, what amount of money, if any, do you find will adequately compensate plaintiff for her damages?
　　$_____

**2.** Although this is a state case brought under a state law, the parties agree that federal case law on attorney's fees is analogous. The pertinent fee portion of the Michigan statute reads: "A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate." Mich. Comp.Laws § 37.2802.

ments, both factual and legal, is that she reasons from cases which never had the ultimate and only issue in dispute fully resolved after a full trial. The consent judgment cases (*Nadeau*) and the settlement cases (*Johnston*) are not apposite because they were terminated short of complete and final resolution of the ultimate issue. There is no doubt that partial success can result in partial fees but, here, plaintiff had no success.

Even if plaintiff were to prevail on the first prong of the *Johnston* test, she cannot get over the "minimum basis in law" hurdle. Since the special interrogatories established that she had not been discriminated against in any way, she has *no* basis in law for her claim.

The trial court has great discretion under Michigan law in determining whether to award attorney fees in civil rights cases: "A court, in rendering a judgment in an action brought pursuant to this article, *may* award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate." Mich.Comp.Laws § 37.2802 (Mich.Stat.Ann. § 3.548(802) (Callaghan 1985)) (emphasis added). In Michigan, the established rule is that "the decision to grant or deny an award of attorney fees under ... section [802] is within the sound discretion of the trial court." *Riethmillex v. Blue Cross & Blue Shield,* 151 Mich.App. 188, 203, 390 N.W.2d 227, 234 (1986) (citation omitted). Moreover, "[t]he trial court's [attorney fees] award will be upheld unless it appears on appellate review that the trial court's finding was an abuse of discretion." *Heath v. Alma Plastics Co.,* 121 Mich.App. 137, 145, 328 N.W.2d 598, 602 (1982) (citation omitted); *see King v. General Motors Corp.,* 136 Mich.App. 301, 307, 356 N.W.2d 626, 629 (1984).

We find the language of the Supreme Court in *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983), to be particularly relevant under these circumstances. In defining the word "appropriate" under the attorney's fees provisions of the Clean Air Act, 42 U.S.C.

§ 7607(f) (Supp. V 1976), the same word used by the Michigan statute, the Court stated that "requiring a defendant, completely successful on all issues, to pay the unsuccessful plaintiff's legal fees would be a radical departure from long standing fee-shifting principles adhered to in a wide range of contexts." *Id.* at 683, 103 S.Ct. at 3277.

The Court went on to say, at page 685, 103 S.Ct. at 3277: "Put simply, ordinary conceptions of just returns reject the idea that a party who wrongly charges someone with violations of the law should be able to force that defendant to pay the costs of the wholly unsuccessful suit against it."

We cannot improve upon this verbiage which succinctly states the reason we AFFIRM the trial court.