**Barbara ZAMLEN, et al., Plaintiffs,**

v.

**CITY OF CLEVELAND, et al., Defendants.**

No. C83–2484.

United States District Court, N.D. Ohio, E.D.

March 25, 1987.

Jane M. Picker, Kathryn Olson, Edward G. Kramer, Roberta Reed, Vincent T. Lombardo, Marilyn Tobocman Sobol, Kenneth J. Kowalski, Kramer & Tobocman, Cleveland, Ohio, for plaintiffs.

John D. Maddox, Janet Burney, Richard J. Giffels, Walter A. Rodgers & Beth Sebaugh, Quandt, Giffels, Buck & Rodgers, Cleveland, Ohio, for defendants.

## ORDER GRANTING MOTION FOR INTERIM AWARD OF COSTS AND ATTORNEY FEES, AND SETTING EVIDENTIARY HEARING RE: AWARD AMOUNT

KRENZLER, District Judge.

The plaintiffs, women who have applied for or have taken the City of Cleveland's civil service tests for the entry level position of firefighter in 1983, commenced this civil rights action on June 14, 1983. In the amended complaint, they allege that the City of Cleveland and certain of its agents, officials and employees, have engaged in discriminatory training, testing and hiring of firefighters based on the person's sex in violation of 42 U.S.C. §§ 1983 and 2000e, and the Fourteenth Amendment to the United States Constitution. In addition, the plaintiffs have alleged a state fraud claim in their amended complaint.

On December 21, 1983, this Court entered a Preliminary Injunction Order, which barred the City of Cleveland from "making any appointments, assigning to the training academy, hiring or promising to hire persons for the position of City of Cleveland entry level firefighter ... until final hearing of this cause and until further order of this Court." Subsequently, the parties entered into negotiations which resulted in a comprehensive affirmative relief order being signed by this Court, which also dissolved the preliminary injunction. *See* this Court's Order Dissolving Preliminary Injunction Subject to Stipulated Conditions, dated March 20, 1985. As part of the relief, the City of Cleveland agreed to hire up to 19 women, members of the plaintiff class. Ten (10) women were hired who, after completing their initial training, have worked successfully as firefighters for nearly two years. The City of Cleveland also agreed to readminister the challenged physical test to additional members of the class, which resulted in the addition of another woman on the 1983 firefighter eligibility list.

In addition to the hiring of the first female firefighters in Cleveland, the March 20, 1985 Order provided various other forms of relief for the class. First, the City of Cleveland was required to prepare and validate a new entry level firefighter examination. Second, the City was required to develop an active recruitment program to seek female applicants, with the assistance of current female firefighters and the cooperation of interested women's groups. Finally, the Court's Order required the City to offer a free pre-test training program to assist female applicants in preparing for the new firefighter examination.

Pending before the Court in this matter is plaintiffs' motion for interim award of costs and attorneys' fees, pursuant to 42 U.S.C. § 1988, for the time spent by the plaintiffs' counsel up to and through the negotiation of the affirmative relief sought

by the plaintiffs and ordered by this Court on March 20, 1985. The Court held a hearing on the plaintiffs' motion on March 23, 1987. For the reasons provided below, the Court finds that an interim award of costs and attorneys' fees to the plaintiffs' counsel in this matter is appropriate.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides in relevant part:

In any action or proceeding to enforce a provision of 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Thus, to recover an attorney's fee under § 1988, a plaintiff must demonstrate that he or she is a "prevailing party." The United States Supreme Court has utilized the following standard when making this threshold determination: "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)).

■ To be a "prevailing party," a plaintiff does not have to ultimately prevail on each and every claim asserted or receive all the relief requested. *See Doe v. Busbee*, 684 F.2d 1375, 1379 (11th Cir.1982). The legislative history indicates a person in certain circumstances may be a "prevailing party" without having obtained a favorable "final judgment following a full trial on the merits." H.Rep. No. 1558, 94th Cong., 2d Sess. 7 (1976). For example, "parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." S.Rep. No. 1011, 94th Cong., 2d Sess. 5 (1976) U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912. *See also Hanrahan v. Hampton*, 446 U.S. 754, 756–57, 100 S.Ct. 1987, 1988–89, 64 L.Ed.2d 670 (1980).

■ Furthermore, a party may be awarded attorney's fees as a prevailing party at an interlocutory stage of the proceedings. *Hanrahan v. Hampton*, 446 U.S. at 757, 100 S.Ct. at 1989; *Doe v. Busbee*, 684 F.2d at 1379. As stated in the House Committee Report, "the entry of any order that determines substantial rights of the parties may be an appropriate occasion upon which to consider the propriety of an award of counsel fees...." H.Rep. No. 1558, *supra* at 8 (quoting *Bradley v. Richmond School Board*, 416 U.S. 696, 723 n. 28, 94 S.Ct. 2006, 2022 n. 28, 40 L.Ed.2d 476 (1974). Similarly, the Senate Committee Report stated that an interim award of counsel fees would be "especially appropriate where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues." S.Rep. No. 1011, *supra* at 5, U.S.Code Cong. & Admin.News 1976, p. 5912.

Upon consideration, this Court concludes that an interim award of costs and attorneys' fees for the time spent by plaintiffs' counsel up to and through the successful negotiation of the affirmative relief sought by the plaintiffs and ordered by the Court on March 20, 1985 is appropriate in this case. The Court finds that by obtaining the partial relief granted in this Court's Order Dissolving Preliminary Injunction Subject to Stipulated Conditions, dated March 20, 1985, the plaintiffs have succeeded on significant issues which achieve some of the benefits the plaintiffs sought in bringing suit.

■ In most cases, a court combines a preliminary injunction with a permanent injunction. In these cases, the preliminary injunction is a negative injunction: its main goal is to maintain the status quo until a final decision can be reached on the merits of the case. Specifically, in the typical discrimination case, the Court will grant a preliminary injunction to enjoin the defendants from hiring on the basis of alleged discriminatory testing procedures. This Court agrees with the defendants that an interim award of costs and attorneys' fees in such cases is not appropriate. *See Fiar-*

*man v. Western Publishing Company,* 810 F.2d 85 (6th Cir.1987).

In the instant case, however, the Court's Order Dissolving Preliminary Injunction Subject to Stipulated Conditions provided for partial *affirmative* relief. As stated above, the March 20, 1985 Order resulted in the hiring of ten (10) women as firefighters by the City of Cleveland. The Order also required the City to prepare and validate a new entry level firefighter examination, to develop an active recruitment program to seek female applicants, and to offer a free pre-test training program to assist female applicants. Even if the City ultimately prevails, the partial relief provided in this Court's March 20, 1985 Order will not be reversed or undone. Thus, this Court concludes that the plaintiffs have already prevailed on several important matters during the course of this litigation, and have achieved some of the benefits they sought in bringing suit.

Accordingly, the Court grants the plaintiffs' motion for interim award of costs and attorneys' fees. In their motion, the plaintiffs request that this Court award them costs of $22,134.48 and interim attorneys' fees of $168,735.31 (based on 1266.87 hours at hourly rates ranging from $35 to $200). While the plaintiffs' counsel have supplied various affidavits to support their request, the Court is reluctant to make a determination of the award amount based solely on the papers before it. Therefore, the Court shall hold an *EVIDENTIARY HEARING on Monday, March 30, 1987 at 11:00 a.m.,* to determine the amount of the costs and attorneys' fees to be awarded the plaintiffs.

IT IS SO ORDERED.