914 F.2d 1494
 55 Fair Empl.Prac.Cas. 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
N.A.A.C.P., DETROIT BRANCH, the Guardians, Inc., Brady
Bruenton, Cynthia Martin, Hilton Napoleon, Sharron Randolph,
Betty T. Rolland, Grant Battle, Cynthia Cheaton, Evan Fobbs,
John H. Hawkins, Helen Poelnitz, on behalf of themselves and
all others similarly situated, Plaintiffs-Appellants,
v.
The DETROIT POLICE OFFICERS ASSOCIATION (D.P.O.A.), David
Watroba, President, the City of Detroit, Coleman A. Young,
Mayor, Detroit Police Department, Board of Police
Commissioners, William Hart, Chief, William Milliken,
Governor, the Michigan Employment Relations Commission,
Defendants-Appellees
 No. 89-1065.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1990.
 
 Before MERRITT, Chief Judge, and DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 The question at issue in this appeal is whether plaintiffs are "the prevailing party" within the meaning of 42 U.S.C. Sec. 1988, under which "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." A summary of the history of this litigation is contained in our most recent opinion, NAACP v. DPOA, 900 F.2d 903 (6th Cir.1990). There we concluded that the plaintiffs' case was without merit and remanded with instructions to dismiss, a change in the status of the case that would obviously affect any decision concerning the award of attorneys fees. We therefore also reversed the District Court's previous decision on attorneys fees in light of our disposition of the merits, although we did not intend our decision to preclude the exercise of jurisdiction over future applications for attorneys fees. The District Court's decision that it lacked jurisdiction therefore misconstrued our decision.
 
 
 2
 In Texas State Teachers Ass'n v. Garland Independent School District, 109 S.Ct. 1486, 1491, 1493 (1989), the Court discussed the law applicable to the instant case. It "noted that no fee award is permissible until the plaintiff has crossed the 'statutory threshold' of prevailing party status" and held as an "absolute limitation" on this status that the "plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." In our previous, above-cited decision in this case, we held that plaintiffs were entitled to no relief on the merits of their claims. They were not entitled to achieve, and did not achieve, any permanent change in the legal relationship of the parties by virtue of any legal theory presented for review in this Court. The injunctive decrees of the District Court to the contrary were reversed on appeal. Thus the plaintiffs did not "cross the statutory threshold" or meet the "absolute limitation" required for prevailing party status on such theory, claim or decree reviewed on appeal.
 
 
 3
 On the question of whether plaintiffs are entitled to limited fees for acting as a so-called "catalyst" of legal change, we conclude that Loudermill v. Cleveland Board of Education, 844 F.2d 304 (6th Cir.), cert. denied, 109 S.Ct. 363, 377 (1988), cited by plaintiffs, does not hold or suggest that legal fees should be awarded in the instant case on the main claims presented by plaintiffs or with respect to the case as a whole on the merits. There the plaintiff established in this Court and the Supreme Court a valid procedural due process claim that he was entitled to a pretermination hearing as a tenured public employee, a right not previously recognized. This was a significant legal victory which "changed the legal relationship" of the parties by articulating a new right of procedural due process governing their relationship, even though the plaintiff lost in the end because it was established that he had received the required hearing. Here the plaintiffs have created no similar new legal right. They have attempted to do so, but they have failed in this attempt. Consequently, plaintiffs may not be characterized as "prevailing parties." Plaintiffs are not entitled to prevailing party status simply because they have presented an interesting argument or a difficult case. They must prevail on some significant claim or legal theory.
 
 
 4
 Our decision on prevailing party status is limited to the case as a whole on the merits. We do not intend to rule on the question of plaintiffs' right to attorneys fees for any interim injunctive decrees or protective orders maintaining the status quo that were not appealed. Our decision is without prejudice to the rights of plaintiffs to apply for fees under Sec. 1988 for the more limited injunctive decrees of November 29, 1983 and December 5, 1983 (recall rights) or other limited injunctive decrees not appealed and reversed. We express no opinion concerning plaintiff's claim for a limited award of attorneys fees for work leading to these decrees. Nor is our decision denying prevailing party status to plaintiffs on the case as a whole intended to deprive the District Court of jurisdiction to entertain requests for attorneys fees for obtaining the more limited decrees referred to above in this paragraph.
 
 
 5
 Accordingly, the judgment of the district court declining to award attorneys fees on the case as a whole is affirmed, albeit on different grounds than those articulated below.