William C. BIGBY, et al.,
Plaintiffs–Appellants,

and

Maurice Thoele, et al.,
Intervening Plaintiffs,

v.

CITY of CHICAGO and Chicago Police
Department, Defendants–Appellees.

No. 89–2194.

United States Court of Appeals,
Seventh Circuit.

Argued June 1, 1990.

Decided March 25, 1991.

John L. Gubbins, Gubbins & Associates, Kenneth N. Flaxman, Chicago, Ill., for plaintiffs-appellants.

Bridget Arimond, Frederick S. Rhine, ACC, Office of the Corp. Counsel, Chicago, Ill., for defendants-appellees.

Before CUDAHY, COFFEY, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

In 1980, William Bigby, as class representative for twenty-three black police sergeants, raised a challenge under Title VII of the Civil Rights Act of 1964 to the 1977 test used by the Chicago Police Department to determine eligibility for promotion to lieutenant, alleging that the test was racially biased. The district court permitted Maurice Thoele, as class representative for 53 white and Hispanic sergeants, to intervene in the case.

Following a bench trial, the district court found for the Bigby plaintiffs on their Title VII claim and against the Thoele intervenors on their claims. The district court imposed hiring and promotion quotas, permitting the City to make its promotions from the 1977 lieutenant's list until a new non-discriminatory lieutenant's examination could be developed.

The Bigby plaintiffs, as prevailing parties in a Title VII action, sought and received attorney's fees under 42 U.S.C. § 2000e–5(k). In addition, the Bigby plaintiffs received additional fees for their work with the City in developing the new lieutenant's examination.

In May 1986, the district court *sua sponte* entered an order barring further promotions from the 1977 lieutenant's list until the City showed marked progress in developing a new test. In May 1987, the City filed a motion seeking leave to make additional promotions from the 1977 list. The district court denied the motion finding that the City had failed to adequately demonstrate the need for additional lieutenants. The City did not appeal from the district court's order, however, the Thoele intervenors did appeal. After briefing and oral argument, this court dismissed the appeal by the Thoele intervenors for lack of jurisdiction. *Bigby v. City of Chicago*, 871 F.2d 54 (7th Cir.1989).

The Bigby plaintiffs filed a petition in the district court seeking compensation from the City for the hours expended in opposing the Thoele intervenors' appeal. The

district court denied the fee petition and this appeal followed.

## I.

Initially, the City maintains that this case should be dismissed for lack of jurisdiction. The City asserts that because the case remains pending in the district court, the denial of the fee petition is merely a denial of an interim fee petition from which the Bigby plaintiffs cannot appeal unless the order falls within the scope of the collateral order doctrine. The City argues that the fee order is not a collateral order, in that it does not conclusively resolve a disputed question in the litigation and because the Bigby plaintiffs have not shown that the order would effectively be unreviewable in an appeal from the final judgment in the case. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (listing prerequisites for satisfying the collateral order doctrine).

In response, the Bigby plaintiffs assert that the City misrepresents the status of the case in making the argument that the order denying fees is a denial of an interim fee petition. The Bigby plaintiffs maintain that the Title VII challenge to the 1977 lieutenant's list has long since been resolved. They further argue that the current proceedings in the district court are challenges by yet another group of intervening plaintiffs to the 1988 promotion list compiled following the administration of the newly-developed lieutenant's examination.[*] Thus, according to the Bigby plaintiffs this court has jurisdiction over Judge Marshall's denial of the fee petition under the collateral order doctrine.

We agree that we have jurisdiction over this appeal. We find the circumstances of this appeal analogous to the situation where a case has been resolved on the merits and a fee petition or a motion for sanctions remains pending in the district court. In each of those instances, the judgment on the merits is final and appealable despite the pendency of collateral matters

---

[*] According to the Bigby plaintiffs, their interests in the proceedings pending in the district court at the time of this appeal coincide with the City's interest in those proceedings.

in the district court. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (fee petition pending); *Cleveland v. Berkson*, 878 F.2d 1034 (7th Cir.1989) (Rule 11 motion pending).

In this case, the fee petition associated with the appeal by the Thoele intervenors is the final matter associated with the original action, the Title VII challenge to the 1977 lieutenant's list. With its denial of the fee petition for the fees associated with the intervenors' appeal, the district court put an end to the original action. The *Budinich* court noted that "[a] question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." 486 U.S. at 199, 108 S.Ct. at 1720 (citations omitted). Applying the "practical approach" to finality recognized in *Budinich*, we conclude that the pendency of the collateral challenge to the 1988 lieutenant's list does not counsel us to defer our review of this appeal until the resolution of that challenge on the merits. The disposition of the proceedings concerning the newly-created promotion list will not impact on the resolution of the fee petition now before this court. The current proceedings in the district court are separate and distinct from the original Title VII action and the fee petition associated with that action; therefore, jurisdiction is not defeated by the pendency of those proceedings.

## II.

The only question remaining in this appeal is whether the district court erred in not awarding attorney's fees against the City and in favor of the Bigby plaintiffs for the time expended in defending the appeal taken by the Thoele intervenors. In arguing that they should be awarded such fees, the Bigby plaintiffs maintain that although the City did not appeal from the decision denying the motion to make additional promotions, the appeal was nonetheless necessitated by action taken by the Title VII wrongdoer of filing the motion. The Bigby plaintiffs further assert that as between them and the wrongdoer, it is the wrongdoer who should bear the costs of defending third party interests. The City counters that the Bigby plaintiffs are not entitled to an award of fees, because they are not "prevailing parties" within the meaning of § 2000e–5(k), and further, the victory on the appeal was unrelated to the benefits sought by the Bigby plaintiffs in initially filing the Title VII action.

■ In support of their argument, the Bigby plaintiffs rely primarily on the concurring opinion of Justice Blackmun in *Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989). In that opinion, Justice Blackmun stated:

Addressing and adjusting the rights of a third party are parts of the social cost of remedying a Title VII violation. That cost, as well as the costs to the plaintiff of vindicating his or her own rights, would not have existed but for the conduct of the Title VII defendant. I see nothing in the language of the statute or in our precedents to foreclose a prevailing plaintiff from turning to the Title VII defendant for reimbursement of all the costs of obtaining a remedy, including the costs of assuring that third-party interests are dealt with fairly.

Thus where an intervenor enters the case to defend third-party interests and the plaintiff prevails, the costs of the intervention, in my view, should presumptively be borne by the *defendant*.

*Id.* 109 S.Ct. at 2739–40 (emphasis in original). Just prior to making that statement, however, Justice Blackmun noted that the majority opinion had stated that "the defendant will ... be liable for all of the fees expended by the plaintiff in litigating the claim *against him....*" *Id.* at 2736 (emphasis added), indicating the majority's tacit assumption that a Title VII defendant's fee liability would not extend to fees associated with the defense of third party interests. *Id.* at 2739. We agree that the majority opinion in *Zipes* indicates that a Title VII defendant's fee liability does not presumptively extend to cover the fees in-

curred by plaintiffs in litigating third party interests; therefore, we must evaluate the fee request in this case under the terms of the statute to determine whether the Bigby plaintiffs are entitled to recover their fees from the City.

Title VII requires that a party be a prevailing party within the meaning of that phrase in the statute before he is entitled to recover fees. A plaintiff is said to have prevailed for purposes of a fee award, if he "has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit.'." *Texas State Teachers Assoc. v. Garland Indep. School Dist.*, 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). At that point in the litigation, the plaintiff has "crossed the threshold to a fee award of some kind." *Id.*

In this instance, the Bigby plaintiffs are not prevailing parties as against the City on the appeal by the Thoele intervenors. The City appeared as an appellee in the Thoele intervenors' appeal, and raised the jurisdictional issue which ultimately resulted in the dismissal of the appeal. Since the Bigby plaintiffs and the City each argued that the appeal by the Thoele intervenors was improper, the Bigby plaintiffs cannot be characterized as prevailing parties vis-a-vis the City with respect to the dismissal of the appeal. The City was as much a prevailing party when the appeal was dismissed as were the Bigby plaintiffs; therefore, the Bigby plaintiffs do not qualify for an award of attorney's fees under § 2000e–5(k). *See Action on Smoking and Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 216 (D.C.Cir.1984) (plaintiff not considered a prevailing party on an issue upon which it took the same position as the defendant); *See also Reeves v. Harrell*, 791 F.2d 1481, 1483–84 (11th Cir.1986) (plaintiff not considered a prevailing party even as against defendant that remained neutral as to issues raised by intervenor's complaint).

In addition, we note that in order to be considered a prevailing party for purposes of eligibility for a fee award, the plaintiffs must have obtained some benefit from the victory which was the object of filing the lawsuit. In this case, the order prohibiting additional promotions from the 1977 list was not entered to remedy race discrimination. Instead, it was entered *sua sponte* by Judge Marshall to spur development of a new lieutenant's examination in order to remedy the unfairness of limiting promotions to those on the outdated list.

Finally, we acknowledge the inequity of holding the City responsible for the fees incurred by the Bigby plaintiffs in their defense of the intervenors' appeal. In this case, the City filed a motion to make additional promotions from the 1977 lieutenant's list. After the motion was denied, the City elected not to file an appeal, apparently in order to minimize its losses. This court would be well-served if more losing parties at the district court level made that choice. In this instance, if we were to require the City to pay the Bigby plaintiffs attorney's fees for the appeal taken by the intervenors, it would have the undesired effect of discouraging rather than encouraging a losing party from accepting the district court's decision as the final word.

### III.

The district court properly determined that the Bigby plaintiffs were not entitled to recover their attorney's fees from the City for the intervenors' appeal; therefore, the decision of the district court denying the fee petition is hereby

AFFIRMED.