N.A.A.C.P., DETROIT BRANCH; The Guardians, Inc.; Brady Bruenton; Cynthia Martin; Hilton Napoleon; Sharron Randolph; Betty T. Roland; Grant Battle; Cynthia Cheatom; Evin Fobbs; John H. Hawkins; Helen Poelinitz, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants, Cross–Appellees,

v.

DETROIT POLICE OFFICERS ASSOCIATION (D.P.O.A.), Defendant,

City of Detroit; Coleman A. Young, Mayor; Detroit Police Department; Detroit Board of Police Commissioners; William Hart, Chief, Defendants–Appellees, Cross–Appellants,

David Watroba, President; William G. Milliken, Governor; The Michigan Employment Relations Commission, Defendants–Appellees.

Nos. 92–2557, 92–2558.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1994.

Decided Feb. 3, 1995.

Thomas I. Atkins (argued and briefed), Brooklyn, NY, Jeanne Mirer (briefed), Barnhart & Mirer, Gary A. Benjamin, Detroit, MI, for plaintiffs-appellants, cross-appellees.

Allan D. Sobel, Casimir J. Swastek, Rubenstein & Plotkin, Southfield, MI, for De-troit Police Officers Ass'n and David Watroba.

Donald Pailen, Dennis Burnett, Terri L. Renshaw, City of Detroit Law Dept., Detroit, MI, Daniel B. Edelman (argued and briefed), Yablonski, Both & Edelman, Washington, DC, for City of Detroit, Coleman A. Young, Detroit Police Dept., Detroit Bd. of Police Com'rs and William Hart.

Frank J. Kelley, Office of Atty. Gen., Appellate Div., Lansing, MI, for William G. Milliken and Mich. Employment Relations Com'n.

Before MERRITT, Chief Judge; and NELSON and NORRIS, Circuit Judges.

MERRITT, Chief Judge.

In this appeal, the NAACP objects to a district court award of $11,320 in attorneys' fees as unreasonably low. The City of Detroit cross-appeals, challenging the validity of the award. Even though plaintiffs eventually lost this fifteen-year-old, civil rights case on the merits, they now claim an entitlement to 42 U.S.C. § 1988 attorneys' fees because of certain interim orders, later reversed, which were beneficial to them. The interim orders do not make plaintiffs "prevailing parties" under § 1988, and we therefore reverse the award of fees by the District Court.

This case has a lengthy and complex history. In 1979, the City of Detroit faced budgetary problems. Mayor Coleman Young decided to lay off a large number of police officers to reduce the City's expenditures. Under Detroit's agreement with the collective bargaining agent of Detroit's police force, the Detroit Police Officers Association, the most recently hired police officers were the first to be laid off. This "last hired, first fired" provision fell heavily upon many of Detroit's black police officers who had been recently hired pursuant to a voluntary affirmative action plan to increase minority representation on the Detroit police force. The NAACP filed suit in 1980 under 42 U.S.C. §§ 1981, 1983, 1985, and Titles VI and VII of the Civil Rights Act of 1964. The plaintiffs' fundamental claim was that the layoffs interfered with Detroit's affirmative action plan and therefore violated the officers' constitutional and statutory rights. Four years la-

ter, the case culminated in a victory at trial for the plaintiffs. Pursuant to the district court's order, the City of Detroit rehired the officers. This judgment for the plaintiffs was then reversed by this Court as a matter of law.

While we had agreed in the first appeal that the affirmative action plan was not invalid, we held that it was not constitutionally required. Further, we held in the second appeal that the "last hired, first fired" provisions of the collective bargaining were protected by Title VII § 703(h). Accordingly, plaintiffs' claims were found without merit, and judgment entered for the defendants.

This case is controlled by *Fiarman v. Western Pub. Co.*, 810 F.2d 85 (6th Cir.1987), a sex discrimination case which is directly on point. In that case, a preliminary injunction was issued reinstating plaintiff to her former position. After a trial on the merits of her claims, she lost the case because the jury found that her layoff was for valid economic reasons. Thus the interim order proved beneficial because the defendant employer chose not to fire plaintiff but rather to retain her as an employee even though not legally required to do so. This Court concluded that the plaintiff should not recover any attorneys' fees as a prevailing plaintiff because of the earlier preliminary injunction entered *pendente lite*. In so ruling, the Court relied upon *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983), quoting the two following statements from that case: (1) "[R]equiring a defendant, completely successful on all issues, to pay the unsuccessful plaintiff's legal fees would be a radical departure from longstanding fee shifting principles adhered to in a wide range of contexts." (2) "Put simply, ordinary conceptions of just returns reject the idea that a party who wrongly charges someone with violations of the law should be able to force that defendant to pay the costs of the wholly unsuccessful suit against it." 810 F.2d at 87, quoting *Ruckelshaus*, 463 U.S. at 685, 103 S.Ct. at 3277. Relying on the reasoning in *Ruckelshaus*, our Court in *Fiarman* adopted the principle that a plaintiff is not entitled to attorneys' fees based on interim orders that may have in fact benefitted plaintiff when

plaintiff lost the case on the underlying merits of the claim.

■ When a plaintiff has no valid theory of recovery and is entirely unsuccessful in its suit on the merits, it may not thereafter recover attorneys' fees based on interim orders that provided plaintiff some benefit. Other circuits follow the same principle. *See Anthony v. Bowen*, 848 F.2d 1278 (D.C.Cir. 1988), *cert. denied*, 489 U.S. 1011, 109 S.Ct. 1119, 103 L.Ed.2d 182 (1989); *S–1 and S–2 v. State Board of Education*, 21 F.3d 49 (4th Cir.) (en banc), *cert. denied*, —— U.S. ——, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994); *Falcon v. General Tel. Co.*, 815 F.2d 317 (5th Cir.1987); *Bigby v. Chicago*, 927 F.2d 1426 (7th Cir.1991); *Huey v. Sullivan*, 971 F.2d 1362 (8th Cir.1992), *cert. denied* —— U.S. ——, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994); *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488 (9th Cir.1986); *Griffith v. Colorado Div. of Youth Servs.*, 17 F.3d 1323 (10th Cir.1994); and *Walker v. Anderson Electrical Connectors*, 944 F.2d 841 (11th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 1043, 122 L.Ed.2d 352 (1993). *Cf. Charves v. Western Union Tel. Co.*, 711 F.2d 462 (1st Cir. 1983); *Lyte v. Sara Lee Corp.*, 950 F.2d 101 (2d Cir.1991) (accepting settlement enough for prevailing party status).

The instant case raises the same issue as *Fiarman*. In two previous opinions in this case, we have clearly held that the plaintiffs have no valid claim on the merits, and we have reversed the district court each time. *See NAACP v. DPOA*, 821 F.2d 328 (6th Cir.1987), and *NAACP v. DPOA*, 900 F.2d 903 (6th Cir.1990). Even so, the plaintiffs have now obtained another judgment from the district court for attorneys' fees based upon the district court's earlier erroneous orders requiring the laid off plaintiffs to be reinstated to their previous jobs with full benefits. As in the *Fiarman* case, the defendant employer did not thereafter disturb the employment situation when our Court found the plaintiff's claims wholly invalid.

In its brief in this case, the NAACP has virtually ignored the issue of its status as a prevailing party. Despite the existence of a cross-appeal by the City of Detroit, the NAACP's briefs indicate that it regards its

status as a prevailing party as a foregone conclusion. This mistaken conclusion may have been based on a misreading of the language in our unpublished decision dismissing the NAACP's request for attorneys' fees the first time. *NAACP v. DPOA,* Case No. 89–1065, 1990 WL 140593 (6th Cir. Sept. 27, 1990). There we explicitly reserved judgment on whether plaintiff was a prevailing party with regard to the *pendente lite* orders because that issue had not been presented. Apparently, both the plaintiffs and the district court judge inferred that this statement meant that we thought the NAACP was a prevailing party on this point. This inference was unwarranted. We simply declined in our earlier opinion to decide this point because it was not then properly before us.

■ The *pendente lite* orders issued on November 29, 1983, and December 1, 1983, granted a preliminary injunction to the plaintiffs which prevented the lapsing of their "recall rights." These orders are insufficient to make the NAACP a prevailing party. These recall rights originated in the DPOA's collective bargaining agreement with Detroit. Pursuant to that agreement, if a laid off police officer was rehired within three years, he would be entitled to full seniority, with commensurate pay and benefits as if he had never been laid off. In this case, the three-year deadline had already passed for those laid off in 1979 and had almost run on the rest. In holding for the plaintiffs, the District Court said that he saw no harm to Detroit at all in extending the expiration of plaintiff's recall rights until the conclusion of the litigation because it would not harm Detroit while preserving a right at issue in the litigation.

■ It is clear to us that the *pendente lite* orders granted the plaintiffs no actual relief on the merits of their claim within the meaning of § 1988. Rather, it deferred the operation of a contractual provision until the claim could be fully and fairly litigated to a conclusion. That claim was ultimately rejected by this Court. Therefore, even assuming for the sake of argument that the plaintiffs have received "actual relief," any relief they have received was not on the merits of their underlying claim. Therefore, the NAACP is

not a prevailing party simply because the laid off police officers eventually returned to their jobs. The officers must have returned to their jobs as a direct result of a court order that was not subsequently reversed for error in order to have received actual relief on the merits of their claim.

Accordingly, the judgment of the District Court awarding attorney fees is reversed.