**UNITED STATES of America, Appellee,**

v.

**Paul Bert HAYNIE, Jr., Appellant.**

**No. 77–5147**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1978.

Rehearing Denied March 20, 1978.

P. Bruce Kirwan, Federal Public Defender, Phillip J. Walsh, Legal Intern, Atlanta, Ga., for appellant.

Wm. L. Harper, U. S. Atty., Robert A. Boas, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant, Paul Bert Haynie, Jr., was convicted by a jury on eight counts of filing false claims with an agency of the United States in violation of 18 U.S.C. § 287 (1970).[1] The false claims consisted of Haynie's filing fictitious tax returns in each of the years from 1970 through 1974. His practice was to file duplicate returns, one under his true name and another under a fictitious name. Haynie claimed and re-

---

\* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. Section 287 provides:

Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

ceived tax refunds on eight of the ten returns he filed, although the evidence at trial indicated that he actually owed the government taxes for those years.

■ The error asserted in his appeal centers on the trial court's instructions to the jury. Specifically, appellant contends that reversible error occurred in the instructions on the element of misrepresentation. The district judge refused to inform the jury, as appellant requested, that in order to convict the defendant it was required to find that the misrepresentations were material[2].

Appellant concedes that section 287 does not expressly establish any requirement of materiality. He suggests, however, that we should incorporate that requirement because it is found in a statute of common derivation, 18 U.S.C. § 1001 (1970).[3] We find that appellant's reliance on section 1001, and the cases construing it, for the notion that materiality is an element for jury resolution in a section 287 prosecution is clearly misplaced. Even in a section 1001 prosecution, it is clear from the case law that materiality is a question for the trial court to resolve, not the jury. *See, e. g., United States v. Beer*, 518 F.2d 168, 171 (5th Cir. 1975); *United States v. Krause*, 507 F.2d 113, 118 (5th Cir. 1975). While the issue of whether materiality is an element of a section 287 charge has not been squarely presented to and decided by this court, appellant suggests that we intimated in *Beer* that materiality may be an element. Even if we accept that suggestion, the issue is one for the trial judge to handle as a question of law. In this case the trial judge addressed the issue and found materiality to have been established by the govern-

ment. Though appellant has not questioned this finding on appeal, we think the record clearly supports it. Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.

---

**2.** Appellant argues that materiality is not only an element of a section 287 violation, but that the jury must decide whether the allegedly false statement " 'has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made.' " *United States v. Beer*, 518 F.2d 168, 171 (5th Cir. 1975).

**3.** Section 1001 provides:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.