Gerald M. MADISON,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 84–3379

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 8, 1985.

Rehearing and Rehearing En Banc
Denied April 19, 1985.

Lynn L. England, Tampa, Fla., Michael L. Paup, Glenn L. Archer, Asst. Atty. Gen., Gary R. Allen, Patricia A. Willing, U.S. Dept. of Justice, Chief App. Div., Washington, D.C., for defendant-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

**PER CURIAM:**

Appellant-taxpayer Gerald Madison earned $67,833 in wages during 1982, and then wrote a letter to the IRS requesting a refund of all taxes withheld from those wages on the basis that he was a "natural individual and unenfranchised freeman," who "neither requested, obtained, nor exercised any privilege from an agency of government for the year." Madison enclosed with the letter an unsigned Form 1040 marked "NOT A TAX RETURN—SEE ATTACHED LETTER;" a W-2 form marked "INCORRECT (CONCLUSORY);" and a Schedule C profit and loss statement claiming a cost of goods sold (apparently labor) deduction of $69,899.

Madison was assessed a $500 penalty under I.R.C. § 6702(a) for filing a frivolous tax return.[1] He then filed this suit under I.R.C. § 6703(c) for a refund of the penalty assessed. The Form 1040 was attached as an exhibit. The United States filed a motion to dismiss for failure to state a claim or, alternatively, for summary judgment. The district court stated that Madison's return demonstrated that it was subject to the section 6702 penalty, and thus granted summary judgment on the grounds that his complaint failed to state a claim upon which relief could be granted.

We initially note that the district court erred in granting summary judgment for the defendants rather than dismissing the case under Rule 12(b)(6), Fed.R.Civ.P.,

---

1. § 6702. Frivolous income tax return
    (a) Civil penalty—If—
    (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
    (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
    (b) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—
(A) a position which is frivolous, or
(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
then such individuals shall pay a penalty of $500.

for failure to state a claim upon which relief can be granted. However, "the label a district court puts on its disposition of a case is not binding on a court of appeals." *Tuley v. Heyd*, 482 F.2d 590, 593 (5th Cir. 1973). We hold that this complaint should be dismissed under Rule 12(b)(6), since it is clear from the face of the complaint that appellant can prove no set of facts that would entitle him to relief. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

Appellant argues that he cannot be penalized under section 6702 because the document he filed was merely a request for refund of taxes erroneously collected, and did not purport to be a tax return. However, it is generally necessary for a taxpayer to file a return in order to obtain a refund. 26 C.F.R. § 301.6402–3(a)(1). Furthermore, the documents filed were official tax forms which were completed in detail. Therefore, it is entirely proper to treat the form as a "purported return" for section 6702 purposes, notwithstanding the disclaimer added by the taxpayer. *Davis v. United States*, 742 F.2d 171, 173 (5th Cir. 1984); *Holker v. United States*, 737 F.2d 751, 752 (8th Cir.1984).

It is also apparent from the face of the complaint that the return was frivolous. The return contains information on its face indicating that the self-assessment was substantially incorrect and that taxpayer's conduct was based on a position that is frivolous within the meaning of section 6702. *Davis*, 742 F.2d at 171; *Holker*, 737 F.2d at 753; *see Simanonok v. Commissioner*, 731 F.2d 743, 744 (11th Cir. 1984) (argument that individual wage earners are not persons subject to tax is "completely without merit").

Therefore, in the interests of accuracy, we VACATE the summary judgment granted in favor of the United States and REMAND for the entry of judgment dismissing taxpayer's complaint for failure to state a claim upon which relief can be granted.