845 F.2d 287
 11 Fed.R.Serv.3d 384
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE COLT PYTHON .357 CAL. REVOLVER, S/N T03461 W/HOLSTER,
One Smith & Wesson .38 Cal. Revolver, S/N R145059
and 79 Rounds Assorted Ammunition, Defendant,
Jerry Sage Sammons, Claimant-Appellant.
 No. 87-3619
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 May 17, 1988.
 
 Jerry Sage Sammons, pro se.
 Ross A. Nabatoff, Alan G. Burrow, Asst. U.S. Atty., Tallahassee, Fla., for the U.S.
 Appeal from the United States District Court for the Northern District of Florida.
 Before HILL, FAY and HATCHETT, Circuit Judges.
 HATCHETT, Circuit Judge.
 
 
 1
 Again, we reverse and remand a case to a district court because the district court did not comply with the notice requirements of Fed.R.Civ.P. 56(c).
 
 
 2
 In June, 1984, the state of Florida involuntarily committed Jerry Sammons, the appellant, to the Florida State Mental Hospital, thereby making it a violation of 18 U.S.C. Sec. 922(h)(4) for Sammons thereafter to receive firearms transported in interstate commerce.[1] On December 12, 1984, federal agents seized firearms and ammunition in Sammons's possession. A jury subsequently convicted Sammons of firearms possession.[2]
 
 
 3
 The government filed a complaint for forfeiture of the firearms pursuant to 18 U.S.C. Sec. 924(d). Sammons sought to defeat the government's forfeiture action by contending that error occurred in his criminal trial and in the commitment proceedings. The district court treated Sammons's motion as a motion to dismiss for failure to state a claim. Noting that Sammons did not deny his conviction under 18 U.S.C. Sec. 922(h)(4), the district court denied the motion.
 
 
 4
 After Sammons answered the complaint, the government filed its motion for summary judgment, and Sammons moved for denial of the motion. Again, Sammons's response attacked the criminal conviction and his involuntary commitment. The district court granted the government's motion for summary judgment finding no genuine issue as to a material fact. The district court noted that Sammons did not dispute his conviction pursuant to 18 U.S.C. Sec. 922(h)(4), thereby justifying the government's forfeiture action. On appeal, Sammons asserts that the district court erred in granting the government's motion for summary judgment.
 
 
 5
 We resolve two issues: (1) whether the district court erred in granting the government's motion for summary judgment; and (2) whether Sammons's motion to supplement the record should be granted.
 
 
 6
 The district court failed to comply with the notice requirements of Fed.R.Civ.P. 56. It is well settled in this circuit that proper summary judgment notice must be afforded the non-moving litigant. Once again, this court is compelled to return to a busy district court a case for failure to adhere to rule 56(c). See Griffith v. Wainwright, 772 F.2d 822 (11th Cir.1985). This circuit has established a "bright-line" test requiring strict ten-day advance notice to the adverse party. The notice requirement guarantees that the non-moving party will be afforded the opportunity to marshal its resources, file affidavits in opposition to the motion, and become aware of the consequences of default. Following proper notice, the court may properly take the motion under advisement and rule consistent with procedural requirements set forth in rule 56. Wainwright, 772 F.2d at 825.
 
 
 7
 We have repeatedly emphasized that care must be exercised to ensure proper notice to a litigant not represented by counsel. Herron v. Beck, 693 F.2d 125 (11th Cir.1982). Litigants without counsel lack formal legal training and "occupy a position significantly different from that occupied by litigants represented by counsel." Wainwright, 772 F.2d at 825 (citing Herron, 693 F.2d at 127). A motion for summary judgment should only be granted against a litigant without counsel if the court gives clear notice of the need to file affidavits or other responsive materials and of the consequences of default. In this case, the record does not indicate that the district court adequately advised Sammons of the ten-day notice requirement or of the consequences of default. See Wainwright, 772 F.2d at 825.
 
 
 8
 Although we do not mandate a ten-day notice requirement when a complaint is dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b), such notice is required when a 12(b) motion is converted into a summary judgment motion. Milburn v. United States, 734 F.2d 762, 765 (11th Cir.1984); see also Madison v. United States, 752 F.2d 607 (11th Cir.1985). In Madison and Milburn, the government filed a "Motion to Dismiss or in the Alternative Motion for Summary Judgment," pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, respectively. In both cases, we noted that a complaint may be dismissed for "failure to state a claim upon which relief can be granted [when] it appears beyond doubt that [litigant] can prove no set of facts that would entitle him to relief." Fed.R.Civ.P. 12(b); Milburn, 734 F.2d at 765; Madison, 752 F.2d at 609. This lack of notice exception only applies when a complaint is dismissed for failure to state a claim, not when the court converts the 12(b) motion into one for summary judgment. When a litigant moves pursuant to rule 56 for summary judgment or when the district court converts a motion to dismiss into a motion for summary judgment, the "bright-line" ten-day notice requirement is stringently enforced. Wainwright, 772 F.2d at 825; Milburn, 734 F.2d at 765.
 
 
 9
 The disposition of a case on summary judgment grounds represents a final decision on the merits and forecloses subsequent litigation. Given this harsh reality, it is important that proper notice be given so as to ensure a litigant adequate opportunity to present factual and legal claims.
 
 
 10
 Because we find procedural defects in this case, we do not address the merits of the forfeiture action. Likewise, Sammons's request to supplement the record is denied as moot. Accordingly, we vacate the judgment of the district court and remand this case for reconsideration.
 
 
 11
 VACATED and REMANDED.
 
 
 
 [1]
 Although the government indicted Sammons prior to the 1986 amendment to 18 U.S.C. Sec. 922, the amendment did not substantively change the applicable law. The relevant section in this case is 18 U.S.C. Sec. 922(h)(4), which provides:
 (h) It shall be unlawful for any person--
 (4) who has been adjudicated as a mental defective or who has been committed to any mental institution;
 to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
 
 
 [2]
 Sammons possessed: (1) a .357 caliber Colt Python revolver; (2) a .38 caliber Smith and Wesson revolver; (3) a Winchester 30/30 rifle; and (4) 79 rounds of assorted ammunition