**Robert E. CLEVELAND, Plaintiff-Appellant,**

v.

**Jerome BERKSON, et al., Defendants-Appellees.**

**No. 88–2218.**

United States Court of Appeals, Seventh Circuit.

Submitted May 16, 1989.*

Decided July 12, 1989.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively

Robert E. Cleveland, Chicago, Ill., for plaintiff-appellant.

Alvin R. Becker, Beerman Swerdlove Woloshin Barezky & Berkson, Howard A.

London, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, CUMMINGS and RIPPLE, Circuit Judges.

PER CURIAM.

Appellant Robert Cleveland filed a complaint in the district court on March 29, 1988, under 28 U.S.C. § 1983 and 18 U.S.C. § 1961. He alleged that the appellees deprived him of property in violation of his civil rights and engaged in a pattern of racketeering, that they used bribery and political favors to get Mr. Cleveland's divorce case assigned to the Cook County, Illinois Circuit Judge of their choice, and that the judge had ruled adversely to Mr. Cleveland. The appellees' alleged misconduct culminated in the entry of a consent order in the divorce case on March 31, 1983, whereby Mr. Cleveland was ordered to give up large sums of money. Mr. Cleveland's complaint in the district court alleged acts committed "prior to" March 31, 1983.

Shortly after the complaint was filed, the defendants-appellees moved to dismiss for failure to state a claim on which relief could be granted. Fed.R.Civ.P. 12(b)(6). They argued that each claim was barred by the statute of limitations. Further, they moved that Mr. Cleveland be sanctioned under Fed.R.Civ.P. 11 for filing a frivolous claim. Mr. Cleveland responded to the motion to dismiss, and requested Rule 11 sanctions against the defendants. The district court entered final judgment dismissing the case "in its entirety" on June 9, 1988, citing the statute of limitations and finding no allegation of state action to support the § 1983 claim nor any pattern of racketeering to support the RICO claim. The district court did not act on the motions for sanctions at that time and, a week later, entered an order by which they were "con-

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed such a statement. Upon reconsideration of the statement and the briefs, the request for oral argument is denied, and the appeal is submitted on the briefs and the record.

tinued generally." Mr. Cleveland's notice of appeal was filed on June 27, 1988.

■ We must first confront a threshold question with respect to our own jurisdiction under 28 U.S.C. § 1291. That section permits us to review a final judgment of a district court. Here, although the underlying litigation has been completely and definitively resolved, the motions for sanctions under Rule 11 remain in the district court. Until now no published opinion of this circuit appears to have confronted squarely whether the pendency of such motions in the district court renders the district court's judgment on the merits of the action nonfinal for purposes of our review under section 1291. To avoid any further ambiguity with respect to this issue, we now hold that the pendency of such motions in the district court, when the district court definitively and completely has disposed of the entire case on the merits, does not render the district court's judgment nonfinal. In our view, the recent ruling of the Supreme Court of the United States in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), which dealt with the question of finality in the analogous area of the award of attorney's fees, is instructive. There, the Supreme Court noted that the issue of attorney's fees was not part of the merits of the litigation and that its separate resolution was not disruptive of ongoing proceedings or more likely to result in piecemeal resolution of the merits of the controversy. The Court held that a "practical approach" to the matter of finality required that it focus not on "conceptual consistency" but the "preservation of operational consistency and predictability in the overall application of § 1291." *Id.* 108 S.Ct. at 1721. In our view, these same concerns require that a district court's intentional deferral of action on a motion for sanctions, when it enters a judgment definitively and completely disposing of the underlying action, constitutes a determination on the part of the district court that its disposition of the motion for sanctions will not impact upon its resolution of the underlying litigation. Under these circumstances, a "practical approach" to the matter of

finality counsels that we not defer consideration of the merits until the district court addresses the matter of sanctions.

■ The merits of this appeal need not detain us long. The district court was correct in its ruling that the action was barred by the applicable statutes of limitations. Our independent reading of the complaint makes it eminently clear that the acts of which the appellant complained allegedly took place before March 31, 1983. Moreover, the complaint simply cannot be read as alleging actionable wrongdoing of a continual nature after that date. With respect to the RICO allegation, the district court properly held that the applicable statute of limitations was four years. *See Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Nor did the district court err in its determination that this holding of the Supreme Court could be applied retroactively. *See Lund v. Shearson/Lehman/American Express, Inc.*, 852 F.2d 182 (6th Cir. 1988) (applying *Agency Holding* retroactively). Finally, the district court correctly held that the claim under section 1983 was also barred by the statute of limitations; the claim, allegedly arising in 1983, was filed more than two years after our decision in *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986).

We also note that, while the district court also held, as an alternate ground for dismissal, that the allegations of the complaint failed to state a claim upon which relief could be granted, the appellant has failed to appeal this determination. Therefore, our affirmance of the judgment of the district court may rest on this ground as well.

Accordingly, the judgment of the district court is affirmed.

AFFIRMED