David J. HODGE

v.

TEXACO USA, et al.

Civ. A. No. 89–2507–O.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Jan. 24, 1990.

John S. Hodge, John C. Anderson, Brook, Morial, Cassibry, Fraiche & Pizza, Baton Rouge, La., for David J. Hodge.

Patrick T. Caffery, Caffery, Oubre, Dugas & Campbell, New Iberia, La., Charlene Suzanne Dittmer, Texaco, Inc., Legal Dept., New Orleans, La., Charles C. Garrison, Caffery, Oubre, Dugas & Campbell, New Iberia, La., for Texaco USA.

Joel E. Gooch, Nora M. Stelly, Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, Lafayette, La., Charles H. Hollis, Thomas P. Hubert, Kullman, Inman, Bee, Downing & Banta, New Orleans, La., for Laboratory Specialists.

Joseph R. Ward, Jr., Ward & Clesi, New Orleans, La., for Consolidated American Ins. Co.

Don G. Holladay, Andrews, Davis, Legg, Bixler, Milsten & Price, Oklahoma City, Okl., for American Drug Screens Inc., et al.

## RULING

NAUMAN S. SCOTT, District Judge.

Before us is a Motion pursuant to Fed.R. Civ.P. 12(b)(6) filed by defendant Laboratory Specialists, Inc. (LSI).

Plaintiff was employed by defendant Texaco USA until December 5, 1988. On that date, Texaco terminated plaintiff because plaintiff had failed a drug test. Previously, on November 1, 1988, Texaco ordered plaintiff to submit to a drug test. At the request of Texaco, Mobile Health Test Services, Ltd., obtained a urine sample from the plaintiff. Plaintiff alleges that Mobile used supplies, techniques and procedures prescribed for the collection of urine samples by LSI. The urine sample was then turned over to LSI for analysis. LSI reported to Texaco a positive test for marijuana use. However, approximately three hours after plaintiff supplied Mobile Health with his urine sample, plaintiff had a private test conducted by his personal physician. This test was negative. Plaintiff requested that Texaco conduct a second test. This request was refused. Plaintiff also asked for the name and address of Texaco's testing company (LSI). This request was also refused.

Plaintiff has now sued Texaco and LSI under the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Plaintiff's complaint alleges that he is a "consumer" within the meaning of section 1681a(c), that LSI is a "consumer reporting agency" within the meaning of section 1681a(f), that the test report prepared by LSI for Texaco's use is a "consumer re-

port" within the meaning of section 1681a(c), and that Texaco is a "user of consumer reports" within the meaning of section 1681m. Plaintiff further alleges that LSI violated section 1681e(b) in that LSI failed to follow reasonable procedures to ensure accuracy and also violated section 1681g(a) because LSI failed to give proper disclosure to plaintiff of the information in its files regarding the sources of the information and the recipients of the test report. Finally, plaintiff alleges that Texaco violated section 1681m(a) because Texaco failed to supply plaintiff with name and address of LSI.[1]

LSI argues that it is not a "consumer reporting agency" because it is not engaged "in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. 1681a(f). LSI also argues that it did not prepare a "consumer report" because section 1681a(d) of 15 U.S.C. specifically excludes any report containing information solely as to transactions or experiences between the consumer and the alleged consumer reporting agency.

To prevail on a motion under federal rule 12(b)(6), the movant must show that, from the face of the complaint, it is clear that the plaintiff cannot prove any set of facts that would entitle him to relief. *Madison v. United States,* 752 F.2d 607 (11th Cir. 1985). Unlike a motion for summary judgment which is designed to test whether there is a genuine issue of material fact, a Rule 12(b)(6) motion tests only whether the claim has been adequately stated in the complaint. Wright & Miller, *Federal Practice and Procedure,* § 1356 at 592 (1969 & Supp.1989). The complaint is construed in

the light most favorable to the plaintiff and its allegations are taken as true except for those which make unsupported conclusions, unwarranted inferences or deductions, or sweeping legal conclusions in the form of factual allegations. *Id.* § 1357 at 594–96. Essentially, our inquiry is limited to "whether the allegations constitute a statement of a claim under Rule 8(a)." *Id.* at 594.

Plaintiff argues that the report in question here is not excluded by section 1681a(d) because plaintiff's "transaction or experience" occurred between himself and Mobile Health rather than directly with LSI. To determine whether LSI did or did not have a direct transaction with the plaintiff is a matter which can be decided only with appropriate evidence. Similarly, whether LSI is a consumer reporting agency is an issue which requires additional evidence before it can be decided. In both instances, we find it conceivable that plaintiff could prevail. At the present time, LSI has not submitted any evidence which would force us to decide otherwise. Therefore, we are satisfied that plaintiff's allegations constitute a statement of a claim under Rule 8(a). *See* Wright & Miller, § 1357 at 594.

Accordingly, we DENY the Motion to Dismiss.[2]

---

1. Plaintiff has also alleged certain claims under Louisiana state law. Because this court has jurisdiction over those claims only if it has jurisdiction over the Fair Credit Reporting Act claims, defendants assert that these claims must be dismissed for lack of subject matter jurisdiction if this court decides to dismiss the FCRA claims pursuant to Rule 12(b)(6).

2. However, we must point out that our decision today is mandated by the law surrounding a motion pursuant to Rule 12(b)(6). Our decision should not be interpreted as a conclusive decision on the merits. Once the material facts are discovered and presented to this court, it is entirely possible that no genuine issues of material fact will remain as regards the matters in dispute in this case. Thus, we suggest that a motion for summary judgment pursuant to federal Rule 56 is the proper mechanism for resolving the question of pre-trial dismissal in this matter.