James S. LAKE

v.

**DEPARTMENT OF THE TREASURY, et al.,**

Civ. No. 1:95–cv–116–WCO.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 21, 1995.

James S. Lake, Atlanta, GA, pro se.

Ann Carroll Reid, U.S. Department of Justice, Tax Division, Washington, DC, for Department of the Treasury, Internal Revenue Service, District Director of IRS, Special Procedures Function Officer for IRS.

William Henry Boice, Craig Edward Bertschi, Kilpatrick & Cody, Atlanta, GA, for Delta Employees' Credit Union.

## *ORDER*

O'KELLEY, District Judge.

The captioned case is before the court for consideration of the court's order directing plaintiff to show cause why sanctions should not be imposed pursuant to FED.R.CIV.P. 11 [14–1].

■ This court entered an order on July 13, 1995, wherein motions to dismiss filed by *all* defendants were granted.[1] Judgment

---

1. This order of dismissal has been appealed to the United States Court of Appeals for the Eleventh Circuit, Case No. 95–8932. The pendency of the appeal of the judgment on the merits does *not* deprive this court of jurisdiction to rule upon the Rule 11 sanctions issue. "[A] district court's

intentional deferral of action on a motion for sanctions, when it enters a judgment definitively and completely disposing of the underlying action, constitutes a determination on the part of the district court that its disposition of the motion for sanctions will not impact upon its resolu-

was entered on July 21, 1995. The court determined that this action, precipitated by defendant Delta Employees Credit Union's ("DECU") payment of $31.40 pursuant to a federal tax levy, was completely frivolous and lacking in merit. Both the levy, indicating that plaintiff owed back taxes of $29,369.03, and the payment by DECU were in compliance with all applicable law. Because this action was deemed to be without any legal or factual foundation, plaintiff was ordered— after failing to show cause in writing—to appear before this court for the adjudication of the *sua sponte* Rule 11 matter. Order of August 17, 1995.

■ Plaintiff appeared before the court, as scheduled, on September 20, 1995. Plaintiff's statements to the court confirm the court's inclination that the imposition of sanctions is necessary in this case. Plaintiff used his opportunity before the court to allege, *inter alia*, that the District Court of the United States, and *not* the United States District Court was the appropriate forum to hear this matter; that the undersigned should recuse himself due to unspecified conflicts which call in to question judicial impartiality; that the undersigned is not an Article III judge; that the undersigned is obligated to produce evidence of his appointment to this court; that the federal defendants are all acting as representatives of "foreign" entities, including the International Monetary Fund and the World Bank, thus rendering their collection of revenue unlawful; that counsel to defendants is also serving "international entities" in a representational capacity; and, that plaintiff has some sort of a legal obligation to bring this civil action. The foregoing is merely a sample of the disjointed discourse presented to the court by plaintiff. It is sufficient, however, to leave no doubt as to the frivolity of this lawsuit. Plaintiff also reiterated a litany of unsubstantiated allegations about the illegality of the federal taxation system, of the sort which have been observed by this court on other occasions in what is commonly referred to as "tax protester" litigation.

Notwithstanding the blatantly frivolous nature of this case, defendants and this court were compelled to incur significant expenses in responding to this action. Counsel for the federal defendants represented to the court that approximately 18 hours were spent on work related to this case. Further, counsel for the federal defendants was forced to travel from Washington, D.C. to Atlanta, Georgia for the September 20 hearing. Counsel for DECU represented to the court that DECU has expended approximately $3,000.00 in defense of this lawsuit. This court has dedicated approximately 5 hours of its time to work related on this case. Included in this approximation is the court's time related to conducting the September 20 hearing and drafting this order, as well as time spent in preparation for such hearing and working on other motions which were part of this case. Because the possibility of sanctions was raised *sua sponte*, any sanctions imposed will not benefit defendants, but rather shall go to the general treasury.

■ The governing standard under FED. R.CIV.P. 11 is well known. Three sorts of conduct are capable of generating sanctions pursuant to Rule 11. "First, a party might file a pleading or other paper that has *no reasonable factual basis*. Second, a party might advance a *legal theory* that has *no reasonable chance of success* under the state of the decisional and statutory law and cannot be advanced as a reasonable argument to reverse, modify, or extend the law. Third, a party might file a motion or pleading for purposes of harassment or delay." *United States v. Milam*, 855 F.2d 739, 742 (11th Cir.1988) (emphasis added). Plaintiffs' conduct falls squarely within the types of offending behavior set forth in *Milam*.

Accordingly, after careful consideration of both law and fact, the court finds that plaintiff cannot show cause why sanctions should not be imposed pursuant to FED.R.CIV.P. 11. Plaintiff is hereby DIRECTED to pay sanctions to this court in the amount of $7,000.00

tion of the underlying litigation." *Cleveland v. Berkson*, 878 F.2d 1034, 1036 (7th Cir.1989). Accordingly, the district court can retain jurisdiction for the limited purpose of ruling on the

sanctions issue, while the substantive merits are reviewed by the court of appeals. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

within 30 days [14–1]. If plaintiff fails to pay this amount within 30 days of the date of this order, the United States Attorney will be authorized to commence collection proceedings.

IT IS SO ORDERED.