Katherine L. RUBLE, Plaintiff

v.

UNITED STATES GOVERNMENT, DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, Defendants.

No. CIV2:01–CV–30–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

May 25, 2001.

Katherine L. Ruble, Jasper, GA, Pro se.

Janice Rovner Feldman, phv–DOJ, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendant.

## ORDER

O'KELLEY, Senior District Judge.

### I. Introduction

This case is presently before the court for consideration of the government's motion to dismiss [3–1]. Plaintiff, proceeding *pro se*, commenced the instant suit alleging that she is entitled to "recover an overpayment of income taxes for the years 1996 to 1999." *See* Compl. [1–1]. Defendants move to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the court lacks subject matter jurisdiction. In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may only look to the pleadings which are construed broadly so that all facts pleaded therein are accepted as true and all inferences are viewed in a light most favorable to the nonmoving party.

### II. Proper Party

As an initial matter, the court notes that the "Department of Treasury, Internal Revenue Service" is not an entity capable of being sued. *See Castleberry v. Alco-*

hol, *Tobacco and Firearms Division,* 530 F.2d 672, 673 n. 3 (5th Cir.1976); [1] *Walker v. I.R.S.,* 1997 WL 820972 (N.D.Ga.1997) (Vining, J.). Accordingly, it is not a proper party to this action. The United States is the only proper defendant in this matter.

### III. *Subject Matter Jurisdiction*

■ Plaintiff alleges that she filed amended federal income tax returns for 1996, 1997, and 1998 and a federal income tax return for 1999. Copies of the returns are attached to her complaint. Essentially, plaintiff claims she is entitled to a refund for the taxes withheld for the years at issue. Defendants argue that the court does not have subject matter jurisdiction to entertain this suit because the plaintiff failed to file an administrative claim with the IRS prior to filing this complaint. Section 7422(a) of Title 26 of the United States Code provides as follows:

> No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

■ Courts, including the United States Supreme Court, have repeatedly held that a taxpayer may not maintain a suit for a refund of taxes unless a claim for a refund has been properly filed within the applicable time period. *See, e.g., United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *Charter Co. v. United States* 971 F.2d 1576, 1579 (11th Cir.1992) ("A taxpayer may not sue the United States for a tax refund until it first files a refund claim with the government."); *Thompson v. United States,* 1999 WL 302453, *2 (N.D.Ga.1999) (Story, J.). Treasury regulations provide that "[a] properly executed individual ... income tax return or an amended return ... constitute a claim for refund or credit...." 26 C.F.R. § 301.6402–3(a)(5). "To qualify as a refund claim, the tax return must not only be properly executed, but it also must at a minimum 'identify ... 'the essential requirements' of each and every refund demand.'" *Thompson v. United States,* 1999 WL 302453, *2 (N.D.Ga.1999) (Story, J.) (citing *In re Ryan,* 64 F.3d 1516, 1521 (11th Cir.1995) (quoting *Charter Co. v. United States,* 971 F.2d 1576, 1579 (11th Cir.1992))).

Plaintiff's amended tax returns from 1996, 1997, and 1998, and tax return for 1999 are not properly executed tax returns that could constitute a refund claim. In each return, plaintiff entered a zero for her adjusted gross income, taxable income, and tax liability. However, plaintiff did enter amounts she contends she is owed for a refund. The returns indicate that she previously claimed income earned and taxes withheld in 1996, 1997, and 1998, and that she had taxes withheld in 1999. Thus indicating that she knows she has earned income during the relevant years. She attached a letter to each return claiming she was entitled to a refund under the

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc* ), the Eleventh Circuit adopted as binding prece- dent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

theory that although she is "a Sovereign Citizen of one [sic] the 50 states" she is not subject to the jurisdiction of the United States or the IRS. *See* Letter Attached to 1996, 1997, 1998, 1999 Returns, ¶ ¶ 12, 15. She also claims that because she is not an elected or appointed officer or employee of the United States, she does not earn taxable wages. *Id.* at ¶ ¶ 20–22. Lastly, plaintiff claims that she is exercising no "taxable privileges and ... earn[s] no income upon which a direct "excise" tax may be imposed." *Id.* at Summary (b), p. 9.

Plaintiff's purported returns, far from constituting properly executed tax returns which identify the essential requirements of each and every refund demand, are "nothing short of frivolous and fraudulent." *See Thompson v. United States,* 1999 WL 302453, *2 (N.D.Ga.1999) (Story, J.); *see also* § 6702(a)(1)(B) (defining a frivolous return as one which "contains information that on its face indicates that the self assessment is substantially incorrect"); *Madison v. United States,* 752 F.2d 607 (11th Cir.1985) (finding frivolous a 1040 form that requested refund of all taxes based on obviously incorrect deductions and argument that wage earners were not subject to tax); *Goodmon v. Commissioner of Internal Revenue,* 761 F.2d 1522, 1524 (11th Cir.1985) (concluding that a return supported the finding of fraud because "it contained either zeros or Fifth Amendment objections on all lines of the return despite the fact that [the taxpayer] had earned $24,573.90"); *Hyslep v. United States,* 765 F.2d 1083, 1084 (11th Cir.1985) ("The argument that individual wage earners are not subject to income tax is completely frivolous and without merit.").

The court finds that plaintiff failed to file a properly executed tax return or administrative refund claim thereby depriv-

ing the court of jurisdiction to entertain this refund action, *see* 26 U.S.C. § 7422(a). Thus, the action must be dismissed for lack of subject matter jurisdiction and defendants' motion to dismiss [3–1] is **GRANTED.**

### IV. *Sanctions*

■ The Eleventh Circuit Court of Appeals long ago put litigants on notice that they should expect to have sanctions imposed against them for raising these sorts of frivolous contentions. *See Hyslep* at 1084–85; *see also* 26 U.S.C. § 6673 (permitting the Tax Court to impose sanctions for instituting frivolous law suits). Groundless litigation diverts the time and energies of judges needed for more serious and legitimate claims. The court will not tolerate frivolous and wasteful suits such as what plaintiff has here presented.

Plaintiff has submitted documents which indicate that she has been charged a $500 penalty on at least two occasions by the I.R.S. *See* Pl.'s Compl. Attachments, p. 57, p. 84. Obviously, these penalties have not deterred her. Thus, the court finds it appropriate to sanction plaintiff under Rule 11 another $500 for each frivolous return herein at issue. Thus, her sanction totals $2,000.00. *See* FED.R.CIV.P. 11; *see also Lake v. Department of the Treasury,* 905 F.Supp. 1061 (N.D.Ga.1995) (O'Kelley, J.) (imposing Rule 11 sanctions in the amount of $7,000 for frivolous tax claim); *McAffee v. United States,* 1999 WL 1128872, No. 2:99–CV–82–WCO (N.D.Ga. 1999) (O'Kelley, J.) (Nov. 2, 1999 order [12–1] dismissing frivolous tax claim and entering Rule 11 sanctions in the amount of $500), *aff'd* No. 99–14682, 2000 WL 764773 (11th Cir.2000); *McAfee,* No. 2:99–CV–82–WCO, 2001 WL 710628 (April 4, 2001 order [32–1] entering subsequent

sanctions and costs totaling $1,341.59 against the plaintiff for reasserting frivolous claims in objections to garnishment of wages).

The governing standard under Fed. R.Civ.P. 11 is well known. Three sorts of conduct are capable of generating sanctions pursuant to Rule 11. 'First, a party might file a pleading or other paper that has no reasonable chance of success under the state of the decisional and statutory law and cannot be advanced as a reasonable argument to reverse, modify, or extend the law. Third, a party might file a motion or pleading for purposes of harassment or delay.'

*Id.* at 1062 (citation omitted). Plaintiff's conduct falls squarely within the type of offending behavior discussed above. *See id.; see also McKeown v. LTV Steel Co.,* 117 F.R.D. 139 (N.D.Ind.1987) (imposing $1,500 sanction after repeatedly asserting frivolous tax claims). Because sanctions have been raised *sua sponte,* they will not benefit defendants, but rather shall go to the general treasury. *See Lake,* 905

F.Supp. at 1062. If plaintiff fails to pay the sanctions due, the United States Attorney will be authorized to commence collection proceedings.

## V. *Conclusion*

Defendants' motion to dismiss [3–1] is **GRANTED** and this action is dismissed in its entirety. Plaintiff is **SANCTIONED** in the amount of $2,000.00 and has 30 days from the date of this order to make payment. The clerk is **DIRECTED** to enter judgment in accordance herewith.

IT IS SO ORDERED.