[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15254
Non-Argument Calendar

_____

D. C. Docket No. 05-02360-CV-T-23-TGW

DIANE WILLIAMS,

Plaintiff-Appellant,

versus

SUNTRUST BANKS, INC.,
a Georgia Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2008)

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Diane Williams, a *pro se* African-American woman, appeals the

district court's dismissal, based on *res judicata*, of her discrimination and retaliation claims against SunTrust Banks, Inc. ("SunTrust"), and the district court's denial of her motion for a default judgment. On appeal, Williams argues that the district court erred in (1) finding that SunTrust was in privity with Huntington Bank ("Huntington"), which was her former employer before SunTrust purchased Huntington's assets, and (2) denying her motion for a default judgment.

## I. *Res judicata*

We review *de novo* the district court's application of *res judicata*, but review for clear error whether a party is in privity with another because the determination regarding privity is a question of fact. *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004). *Res judicata*, or claim preclusion, bars a party from relitigating a cause of action that was, or could have been, raised in a previous suit between the parties that resulted in a final judgment on the merits. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). We liberally construe *pro se* briefs. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Issues not sufficiently raised in a party's brief are deemed abandoned. *Dalrymple v. United States*, 460 F.3d 1318, 1324 n.6 (11th Cir. 2006).

A party seeking to invoke *res judicata* must satisfy four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2)

there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *In re Piper Aircraft*, 244 F.3d at 1296. If the party satisfies these requirements, the district court must determine whether the new claims could have been raised in the prior suit, and if so, the claims are barred by *res judicata*. *Id.* The burden of establishing that a current action is barred by *res judicata* is on the party asserting *res judicata*. *Id.* Summary judgment is a final decision on the merits. *United States v. One Colt Python .357 Cal. Revolver*, 845 F.2d 287, 289 (11th Cir. 1988).

Generally, there is privity between a non-party and a party in a prior action if the non-party's interests were adequately represented by a party that had the same interests. *Pemco Aeroplex, Inc.*, 383 F.3d at 1286. For *res judicata* purposes, claims are part of the same cause of action when they arise out of the same nucleus of operative fact, or are based on the same factual predicate. *In re Piper Aircraft*, 244 F.3d at 1296-97. It is the substance of the actions, and not their form, that is important. *Id.* at 1297. Additionally, *res judicata* bars all legal theories and claims arising out of the same nucleus of facts as a prior action, as the analysis centers on whether the primary right and duty are the same between the two causes of action. *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289 (11th Cir. 2007)

3

(citation omitted).

We conclude from the record that the district court did not err in finding that this action was barred by *res judicata*, because (1) the prior suit was a final judgment on the merits, issued by a court of competent jurisdiction; (2) the underlying facts forming the basis of this action occurred prior to Williams's prior action; and (3) it has not been established that SunTrust was not in privity with Huntington.

## II. Default judgment

"We review the denial of a motion for a default judgment for abuse of discretion." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). Additionally, we review the denial of a Federal Rule of Civil Procedure 59(e) motion for an abuse of discretion. *Lambert v. Fulton County, Ga.*, 253 F.3d 588, 598 (11th Cir. 2001). Federal Rule of Civil Procedure 55 states that, when a party fails to plead, or otherwise defend, a default must be entered. Fed.R.Civ.P. 55(a). Motions to alter or amend judgment cannot be used to relitigate previously decided matters or raise arguments that could have been made prior to entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

We conclude from the record that the district court did not abuse its

discretion in denying the motion for default judgment because SunTrust defended the action, and the motion was filed after the court had dismissed the action with prejudice. Accordingly, we affirm the judgment of dismissal and the district court's order denying Williams's motion for default judgment.

**AFFIRMED.**