[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12889
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00311-CAP-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONUS R. SROUFE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 22, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Donus R. Sroufe appeals his conviction and sentences for filing a false claim for a tax refund, in violation of 18 U.S.C. § 287, and interfering with the administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a).  We affirm.

## I.  BACKGROUND

A. *Offense Conduct*

In March 2009, Sroufe submitted an unsigned Form 1040, U.S. Individual Income Tax Return, for tax year 2008, to the United States Internal Revenue Service ("IRS").  The Form 1040, along with an attached worksheet, reported Sroufe had received approximately $2.5 million in income in 2008 from posted money orders and bonds from the United States Department of the Treasury.  According to the tax return, numerous companies had paid taxes on Sroufe's behalf in 2008.  The purported payments to the IRS exceeded $2.6 million in total.  The return stated Sroufe was due a tax refund of $1,759,476.89.  All of these figures were false; none of the listed companies had paid any taxes on Sroufe's behalf in 2008.

Along with the Form 1040 and attached worksheet, Sroufe submitted a signed Form 56, Notice Concerning Fiduciary Relationship, which listed the Secretary of the Treasury Department as a fiduciary of Sroufe.  He also included a letter to the Commissioner of the IRS, which requested the Commissioner "file the

2

enclosed 2008 Federal Tax Form 1040 along with any forms and/or returns that may be due, including those that may be required for tax years 2006 and 2007" and make any corrections, additions, or changes deemed necessary. ROA at 456.

The IRS treated Sroufe's entire March 2009 submission as a frivolous tax return and forwarded it to the agency's Frivolous Return Program ("FRP"). The FRP sent Sroufe a letter informing him that he had taken a frivolous position and giving him 30 days to file a correct return in order to avoid a $5,000 penalty under Internal Revenue Code ("I.R.C.") § 6702. The letter stated Sroufe's submissions reflected "a desire to delay or impede the administration of Federal tax laws." ROA at 459. In a letter responding to the FRP, Sroufe asserted he had reviewed his March submissions and believed them to be proper and correct. The IRS sent two special agents to interview Sroufe at his residence; they informed him that the bond upon which he had relied to calculate his 2008 taxable income appeared to be a fictitious instrument.

In August 2009, Sroufe mailed a second, unsigned, Form 1040 for tax year 2008 to his purported fiduciary—the Secretary of the Treasury Department. The tax return was forwarded to the IRS. It was nearly identical to his initial return, except the second return included additional documentation and correspondence. Notably, the August 2009 submission included a "Certified Payment Bond," which purported to pay the Treasury Department $2.5 million. The bond was a purely

fictitious instrument; Sroufe had drafted it using certificate paper he had purchased online.  Sroufe also included a letter to the Treasury Secretary, requesting the Secretary file and process the tax return, if it was deemed proper.

In September 2009, Sroufe sent another letter to the FRP, asking the program to disregard his previous letter.  Sroufe informed the FRP his original Form 1040 was incorrect; he stated he was in the process of correcting all forms and would send the corrections promptly.  He further stated he intended to complete and file his tax returns for tax years 2006, 2007, and 2008.  Sroufe never sent tax returns for tax years 2006 and 2007, nor did he send corrections to his 2008 return.

In October 2009, Sroufe sent another letter to the Treasury Secretary and requested the Secretary to deposit an attached "NON-NEGOTIABLE UNLIMITED PRIVATE BOND FOR SET-OFF" to "settle and close any and all bills, taxes, liens, liabilities and/or claims . . . to a zero (-0-) ending balance."  ROA at 573.  The bond was a fictitious instrument.

B. *Trial*

In June 2011, Sroufe was indicted by a federal grand jury for interference with administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a) ("Count One"), and filing a false claim against the United States for a tax refund,

4

in violation of 18 U.S.C. § 287 ("Count Two").  Sroufe pled not guilty, and the case proceeded to trial.

At trial, Sroufe did not contest that he had sent the documents at issue. Instead, he argued that he never sought to defraud the government.   He contended the fraudulent documents were either an honest mistake or an attempt to ask the Commissioner of the IRS or the Treasury Secretary for help.  To rebut his defense, the government introduced substantial evidence under Federal Rule of Evidence 404(b).

The government elicited testimony that Sroufe had not filed federal income tax returns for tax years 1999 through 2007, although he had filed tax returns and paid taxes prior to 1999.  Sroufe did not contemporaneously object to this testimony.  When the witness began elaborating on Sroufe's income and tax information from 1998 and 1999, however, Sroufe objected to that testimony and earlier testimony concerning years prior to 2008.

Other testimony revealed Sroufe's income had increased dramatically from 1998 to 1999, from $178,000 to over $1.1 million.  When Sroufe did not file federal income tax returns from 1999 through 2002, the IRS had audited him.  In March 2004, the IRS had notified Sroufe he could be subjected to criminal prosecution for failing to file a tax return or for providing fraudulent information to

5

the IRS.  Sroufe had told the auditor he did not believe he was required to file tax returns.

Moreover, Sroufe previously had submitted numerous other frivolous documents.  For example, in June 2002, Sroufe filed a 134-page document with the IRS asserting he was not liable for federal taxes and was not a citizen or resident of the United States.  Sroufe also attempted to negotiate a $50 million bond with Wachovia (now Wells Fargo) Bank.

Before the last day of trial, Sroufe requested the district judge give a cautionary instruction regarding the Rule 404(b) evidence of his failure to file tax returns and other similar acts that had occurred before or after 2008.  The district judge agreed and ordered the jury to refrain from considering that evidence to decide if Sroufe had committed the acts charged in the indictment.  The judge informed the jury, however, that it could consider the evidence for the very limited purposes of deciding whether Sroufe

> had the state of mind or intent necessary to commit the crime charged in the Indictment; whether [Sroufe] had a motive or other opportunity . . . to commit the acts charged in the Indictment; whether [Sroufe] acted according to a plan or in preparing to commit a crime; and whether [Sroufe] committed the acts charged in the Indictment by accident or mistake and for no other purpose.

ROA at 1420.

At the close of evidence, Sroufe moved for a judgment of acquittal, which was denied.  Sroufe did not present any evidence.  Before closing arguments, the

government requested a jury instruction stating: "A tax return seeking a refund is a claim against the United States whether or not the tax return is signed." ROA at 1476. The district judge adopted the requested jury instruction. The jury convicted Sroufe on both counts of the indictment.

## C. *Sentencing*

At sentencing, the district judge determined Sroufe had a total offense level of 22, a criminal history category of I, and a range of 41 to 51 months of imprisonment under the Sentencing Guidelines. Sroufe moved for a downward departure under Application Note 19(C) to U.S.S.G. § 2B1.1 and argued his calculated offense level overstated the seriousness of his offense. He contended a time-served sentence was consistent with the 18 U.S.C. § 3553(a) factors.

The district judge denied the motion and sentenced Sroufe to 36 months of imprisonment on Count One and 51 months of imprisonment on Count Two, to be served concurrently. The judge stated Sroufe had intended to defraud the IRS and had attempted to obtain an approximately $1.7 million tax refund to which he was not entitled. The judge noted Sroufe had submitted fictitious bonds to the IRS and Wachovia Bank, and he had never admitted wrongdoing. The judge believed Sroufe had not been misled and knew at the time that his actions were illegal. Moreover, the judge noted that Sroufe had stopped filing tax returns and paying taxes only after his income increased in 1999. The judge stated a sentence at the

7

high-end of the Sentencing Guidelines range was appropriate and warranted under the § 3553(a) factors.  Sroufe objected to the procedural and substantive reasonableness of his total sentence.

## II. DISCUSSION

On appeal, Sroufe argues (1) the district judge erred by admitting Rule 404(b) evidence of his failure to pay taxes or file tax returns for years not charged in the indictment; (2) the judge erred by giving an erroneous and misleading jury instruction; (3) the evidence was insufficient to convict him of making a false claim for a tax refund; and (4) his sentence is procedurally and substantively unreasonable.  We address each argument in turn.

### A. *Admission of Evidence under Rule 404(b)*

Sroufe argues the district judge erred by admitting extrinsic evidence showing he had not filed federal income tax returns or paid federal taxes from 1999 through 2007, because the indictment charged him with filing a false income tax return only in 2008.  He contends the admission of such evidence resulted only in prejudicing him as a person of bad character.

We review a district judge's evidentiary rulings for abuse of discretion. *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005).  We will not reverse an erroneous evidentiary ruling if the resulting error was harmless.  *United States v. Langford*, 647 F.3d 1309, 1323 (11th Cir. 2011).  Where a defendant "fails to

preserve an evidentiary ruling by contemporaneously objecting," we review only for plain error. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). Under plain error review, we may correct an unpreserved error where there is "(1) error, (2) that is plain, and (3) that affects substantial rights. . . . if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Baker*, 432 F.3d at 1202-03.

Federal Rule of Evidence 404(b) forbids the admission of evidence of "a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). This evidence, however, may be admissible for other purposes, such as proof of plan, knowledge, or absence of mistake or accident. Fed.R.Evid. 404(b)(2); *Baker*, 432 F.3d at 1204. To be admissible, the Rule 404(b) evidence must (1) be relevant to an issue other than the defendant's character, (2) be sufficiently proved to allow a jury to find that the defendant committed the extrinsic act, and (3) possess probative value that is not substantially outweighed by its undue prejudice under Federal Rule of Evidence 403. *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012).

As an initial matter, Sroufe did not contemporaneously object to testimony that he had failed to file federal income tax returns from 1999 through 2007, nor did he contemporaneously object to the admission of an IRS document showing

9

the same.  Accordingly, we review only for plain error.  *See Turner*, 474 F.3d at 1275 (holding the defendant had not preserved an objection for appeal, when the objection was presented the day following the disputed testimony).

Under any standard of review, the district judge committed no error in admitting evidence that Sroufe had not paid taxes or filed tax returns in years not alleged in the indictment.  First, the evidence is relevant to issues other than Sroufe's character: his knowledge and absence of mistake.  *See Sanders*, 668 F.3d at 1314.  Sroufe contended at trial that he never intended to impede the administration of internal revenue laws, by filing frivolous documents, or to make a false or fraudulent claim.  This assertion is belied, however, by evidence that Sroufe had filed tax returns and had paid all taxes due until 1999, when his income dramatically increased.   That evidence is highly probative on the issues of knowledge and absence of mistake, because it demonstrates Sroufe knew he was required to file accurate tax returns and knew what information was acceptable to submit to the IRS.  Even if there had been unfair prejudice posed by the 404(b) evidence, it would have been cured by the district judge's limiting instruction to the jury.  *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011).

B. *Jury Instruction Regarding an Unsigned Tax Return*

Sroufe argues the jury instruction that "[a] tax return seeking a refund is a claim against the United States whether or not the tax return is signed," was

10

improper.  Appellant's Brief at 11.  Sroufe contends the instruction does not accurately state the law, is not supported by our precedent, and undermined his mens rea defense.

We review de novo jury instructions challenged in the district court, in order "to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party."  *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 134 S.Ct. 342 (2013). We will not reverse a defendant's conviction based on a challenge to the jury charge unless we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations."  *Id.* (internal quotation marks omitted).

The criminal False Claims Act ("the Act") provides: "Whoever makes or presents . . . any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title."  18 U.S.C. § 287.  The Act does not define the term "claim," but the Supreme Court has determined it should not be given a narrow reading. *See United States v. Neifert-White Co.*, 390 U.S. 228, 233, 88 S.Ct. 959, 962 (1968) (deciding this issue in an action to recover statutory forfeitures under a previous version and separate provision of the Act).  In *Neifert-White*, the Supreme

11

Court held that the Act "reaches beyond 'claims' which might be legally enforced, to all fraudulent attempts to cause the Government to pay out sums of money." *Id.* at 233, 88 S.Ct. at 962.

Filing a federal income tax return to the IRS constitutes a "claim" under 18 U.S.C. § 287. *See United States v. Haynie*, 568 F.2d 1091, 1091-92 (5th Cir. 1978) (affirming defendant's conviction for filing false tax returns without discussing whether the returns were signed).[1] We have not considered specifically, however, whether the submission of an unsigned federal income tax return to the IRS constitutes a "claim" under 18 U.S.C. § 287.

In a related context, we held that an unsigned Form 1040, marked "NOT A TAX RETURN—SEE ATTACHED LETTER;" a W-2 form marked "INCORRECT (CONCLUSORY);" and other IRS forms, combined with a letter requesting a refund of taxes, constituted a frivolous income tax return for the purpose of upholding a fine. *Madison v. United States*, 752 F.2d 607, 608-09 (11th Cir. 1985) (internal quotation marks omitted). In *Madison*, the IRS fined a taxpayer for filing a frivolous income tax return under I.R.C. § 6702(a). *Id.* at 608. The taxpayer sued the IRS under I.R.C. § 6703(c) for a refund of the penalty assessed. *Id.* The taxpayer argued he could not be penalized under § 6702,

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent decisions of the former Fifth Circuit handed down prior to October 1, 1981.

because the documents he filed merely constituted a request for a refund of erroneously collected taxes and did not purport to be a tax return. *Id.* at 609. We held that because the documents filed were official tax forms and were completed in detail, it was proper to treat the forms as a "purported return" for § 6702 purposes, notwithstanding the taxpayer's disclaimer. *Id.*

The district judge did not err by including a jury charge stating: "A tax return seeking a refund is a claim against the United States whether or not the tax return is signed." ROA at 1516. An unsigned Form 1040 may constitute a tax return or a purported return, if the form is an official IRS tax form and was completed in detail. *Madison*, 752 F.2d at 609. Sroufe submitted an official, completed, IRS Form 1040. He also submitted several other completed and signed IRS forms. Like the defendant in *Madison*, Sroufe submitted a letter requesting the Treasury Secretary file his tax return. Under those circumstances, the IRS was justified in treating the submissions as a tax return, though a frivolous one. Tax returns submitted to the IRS constitute claims under § 287. *Haynie*, 568 F.2d at 1091.

Furthermore, the jury instruction did not undermine Sroufe's mens rea defense that he did not know he was filing a claim or that his tax return was fraudulent. Even with the given instruction, the jury was free to accept Sroufe's argument that he honestly believed his tax returns were accurate. The jury also

13

was free to believe Sroufe truly thought he had not filed a tax return, but merely had requested guidance or information about his tax return. Therefore, the instruction did not mislead the jury. *Id.*

C. *Sufficiency of the Evidence Regarding Count Two*

Sroufe argues the evidence was insufficient to support his conviction for knowingly presenting a false claim for refund. He contends he sincerely believed he was seeking acceptance or correction to his belief that he could negotiate a private bond; he argues no evidence proved he knew his claims were false.

We review a challenge to the sufficiency of the evidence de novo. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). In considering the sufficiency of the evidence, we view the evidence in the light most favorable to the government, with all inferences and credibility choices made in the government's favor, and we affirm the conviction if, based on this evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

When Sroufe submitted his second federal income tax return in August 2009, he already had been informed by the FRP and two IRS agents that he previously had taken a frivolous position and that his purported bonds were fictitious instruments. The jury easily could conclude he knew the documents were fraudulent, when he decided to resubmit essentially the same documents. Based on the evidence presented, a reasonable jury could have found beyond a reasonable

14

doubt that Sroufe knew the claim he submitted to the government was false.  *See id.*

## D. *Reasonableness of Sroufe's Sentence*

Finally, Sroufe argues his 51-month sentence of imprisonment is procedurally unreasonable, because the district judge failed to apply a downward departure under Application Note 19(C) to U.S.S.G. § 2B1.1, in determining his proper base offense level.  He further asserts his total sentence is substantively unreasonable, because it is greater than necessary to achieve the goals of sentencing in 18 U.S.C. § 3553(a).

We review the reasonableness of a district judge's sentence through a two-step process using a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007).  First, we look at whether the district judge committed any procedural error; second, we determine whether the sentence is substantively reasonable.  *Id.*

Regarding Sroufe's argument his sentence is procedurally unreasonable, we lack jurisdiction to review a district judge's discretionary refusal to grant a downward departure, unless the district judge incorrectly believed he lacked authority to depart from the Guidelines range.  *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006).  There is no indication in the record that the judge's refusal to grant a downward departure under Application Note 19(C) to U.S.S.G. §

2B1.1 was based on a misunderstanding of his authority.  Accordingly, Sroufe's procedural-unreasonableness argument is foreclosed by *Dudley*.  *Id.*

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  The § 3553(a) factors to be considered by a sentencing judge include, among others: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to provide the defendant with needed medical care or other correctional treatment; (4) the need to protect the public from further crimes of the defendant; and (5) the applicable Guidelines range.  18 U.S.C. § 3553(a).

A sentence is substantively unreasonable if it "does not achieve the purposes of sentencing stated in § 3553(a)."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotations omitted).  In addition, a sentence may be substantively unreasonable if a district judge unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors.  *Id.* at 1191-92.  We will remand only when "left with the definite and firm conviction that the district judge committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence

16

that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotations omitted). The party challenging the sentence has the burden of establishing the sentence is unreasonable based on the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

As for substantive reasonableness, Sroufe has failed to meet his burden of establishing that his 51-month total sentence, which is within the Guidelines range, is unreasonable. The district judge considered the totality of the circumstances and the § 3553(a) factors and adequately considered mitigating evidence. The judge expressly stated that a sentence at the high end of the Guidelines range was appropriate, because Sroufe had never admitted wrongdoing and knew he had been engaging in illegal conduct. In explaining the sentence, the judge stated it was necessary to deter Sroufe and others. In light of the totality of the circumstances and the § 3553(a) factors, Sroufe has not shown his total sentence is substantively unreasonable.

**AFFIRMED.**